STATE OF NORTH CAROLINA v. JAMES HERRING

No. 764SC951

(Filed 1 June 1977)

1. **Constitutional Law § 51— six months between offense and arrest — no denial of speedy trial**

    In a prosecution of defendant for sale and delivery of controlled substances where the alleged offense occurred on 23 September 1975 but defendant was not arrested until 17 March 1976, the trial court did not err in denying defendant's motion to dismiss, which was grounded on prejudice suffered by him due to pre-indictment delay, without holding an evidentiary hearing on that motion, since defendant did not demonstrate either intentional delay on the part of the State in order to impair defendant's ability to defend himself or actual and substantial prejudice from the pre-indictment delay.

2. **Criminal Law §§ 91.4, 91.8— continuance to confer with counsel — no supporting affidavit — motion denied — no error**

    Defendant's motion for a continuance made on the ground that he needed more time to confer with counsel was properly denied by the trial court where there was no affidavit submitted in support of defendant's motion, and defendant did not attempt to offer any evidence as to how he might be prejudiced by the denial of a motion to continue.

APPEAL by defendant from *Lanier, Judge.* Judgment entered 15 June 1976 in Superior Court, ONSLOW County. Heard in the Court of Appeals 3 May 1977.

Defendant was tried for and convicted of the sale and delivery of the controlled substance, Phencyclidine and marijuana, and for possession of each of these substances with the intent to sell.

From judgments imposing consecutive prison terms, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Thomas H. Davis, Jr., for the State.*

*Gaylor, Edwards and Miller, by Jimmy F. Gaylor, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant brings forward four assignments of error. Our consideration of the first two will be made jointly. De-

fendant contends that the trial court erred when it denied defendant's motion to dismiss, which was grounded on prejudice suffered by him due to pre-indictment delay, without holding an evidentiary hearing on that motion. Additionally, he assigns as error the court's denial of this same motion to dismiss because his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated by this pre-indictment delay. The record reveals that on the evening of 23 September 1975, two undercover SBI agents bought the controlled substances, marijuana and Phencyclidine from the defendant in the parking lot of a housing development. Both agents testified that a third party, then known to the agents as "John," brought the defendant over to the agents' car after they had made it known to John that they were interested in purchasing narcotics. This "John" was actually Jerry Darden, alias Tony Dorton, who was a friend of the defendant and testified on his behalf.

Defendant was not arrested for this transaction until 17 March 1976. The agents explained that the delay between the offense and the arrest was because they were conducting an undercover narcotic campaign during that time. If they had arrested defendant, the arrest would have exposed their identity as undercover agents.

Defendant, in his motion for dismissal states:

"3. The State, without a valid reason, has failed and refused to accord the defendant a prompt trial.

*    *    *

(b) . . . [t]he defendant cannot with any reasonable certainty recall any events occurring on the date the alleged crime occurred and is therefore unable to assist counsel in the preparation of his defense."

The decision of the North Carolina Supreme Court in *State v. Dietz*, 289 N.C. 488, 223 S.E. 2d 357, controls the result we must reach in the case on defendant's argument that (1) he should have been given a hearing on his motion, and (2) that the motion should have been allowed. In that case, as here, there had been no hearing on the motion. The Court said:

" . . . We disagree with the Court of Appeals and hold that the trial court did not abuse its discretion in failing to hold such hearing. First, it does not appear in the record that

defendant ever requested a hearing either before or after his motion to dismiss had been denied. Second, we agree with the reasoning of the Court in *United States v. Pritchard,* 458 F. 2d 1036 (7th Cir. 1972), cert. den., 407 U.S. 911, S.Ct. 2434, 32 L.Ed. 2d 685 (1972):

> ' . . . In the instant case the defendant's assertion of prejudice is a wholly conclusory allegation. No specific actual prejudice is factually alleged. The rationale of *Marion* is equally applicable here. Mere "delay" does not equate with "actual prejudice." And, defendant alleged nothing in his motion which entitled him to an evidentiary hearing on an issue of actual prejudice alleged to have resulted from the delay. His motion speaks only of a potential prejudice predicated on the pre-indictment delay itself. Moreover, no actual prejudice was shown at the ensuing trial. [Citation omitted.]' Accord, *United States v. White, supra.*" *State v. Dietz, supra,* at p. 494.

The Court held that because of the failure of defendant to request a hearing and the conclusory nature of the allegations, the trial court was not required to hold a hearing.

In this case, as in *Dietz,* defendant asserted that he could not remember events occurring on the date the alleged crime occurred. The Court said:

> "Again, defendant produced no evidence to support these allegations. Mere claims of 'faded memory' have often been held not to constitute 'actual and substantial' prejudice required by *Marion. United States v. McGough,* 510 F. 2d 598 (5th Cir. 1975); *United States v. Giacalone, supra; United States v. Atkins,* 487 F. 2d 257 (8th Cir. 1973). Rather, the courts hold that defendant must show that lost evidence or testimony would have been helpful to his defense, that the evidence would have been significant, and that the evidence or testimony was lost as the result of the pre-indictment delay. *United States v. Parish,* 468 F. 2d 1129 (D.C. Cir. 1972), cert. den., 410 U.S. 957, 35 L.Ed. 2d 690, 93 S.Ct. 1430 (1973). Hardly a criminal case exists where the defendant could not make these general averments of impaired memory and lost witnesses." *State v. Dietz, supra,* at p. 493.

State v. Herring

Here, defendant has not demonstrated *"either* intentional delay on the part of the State in order to impair defendant's ability to defend himself *or* 'actual and substantial' prejudice from the pre-indictment delay." *State v. Dietz, supra,* at p. 495.

Defendant's first two assignments of error are overruled.

Defendant's next two assignments of error simply stated are that the trial court erred in denying his motion for a continuance without holding an evidentiary hearing because that ruling deprived defendant of effective assistance of counsel.

[2]   Counsel for the defendant was appointed on 3 June 1976. Defendant, for unstated reasons, did not confer with his appointed counsel until 9 June 1976. Defendant was tried, as scheduled, on 15 June 1976 after his motion for a continuance had been denied. The crime for which defendant was being tried occurred on 23 September 1975. It is defendant's contention that he was denied his constitutional right to effective assistance of counsel by the trial court's failure to grant his motion for continuance. *State v. Robinson,* 283 N.C. 71, 194 S.E. 2d 811. Defendant will not be awarded a new trial because of the denial of a motion for continuance unless he is able to show that there was error in the denial and that the defendant was prejudiced thereby. Unless the reasons for a continuance are specifically stated and supported by an affidavit, one should not be granted. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844.

Defendant's counsel stated that the grounds for the motion for continuance were:

"1. Counsel for the Defendant was appointed on Thursday, June 3, 1976, and did not confer with the Defendant about the case until Wednesday, June 9, 1976, allowing insufficient time for the preparation of the case.

2. The only witness that Defendant has that could offer evidence in his behalf and possibly testimony bearing upon Defendant's guilt or innocence is presently incarcerated in the Harnett County Youth Center and Counsel for the Defendant has not had time to make arrangements to interview that witness, Tony Dorton."

There was no affidavit submitted in support of defendant's motion. The record also fails to show that defendant attempted to offer any evidence as to how he might be prejudiced by the denial of a motion to continue.

Counsel does not explain why he did not confer with defendant before 9 June 1976. Even so, defendant and his counsel then had ample time to prepare this case for trial. The record reveals that Jerry Darden, alias Tony Dorton, did testify on defendant's behalf. No reason is given as to why counsel could not confer with that witness prior to trial.

Defendant in this case has failed to show that the denial of his motion for a continuance was erroneous or that he was prejudiced by the denial. The assignments of error are overruled.

We have considered the assignments of error on their merits. We note, nevertheless, that the record discloses that defendant was arraigned on 17 May 1976, and entered a plea of not guilty. The record further discloses that "[t]he attorney for the defendant announced that there are no pretrial motions."

We find no prejudicial error in defendant's trial.

No error.

Chief Judge BROCK and Judge CLARK concur.