STATE OF NORTH CAROLINA v. ANDERSON DAVIS

No. 7926SC1153

(Filed 20 May 1980)

**Constitutional Law § 52— speedy trial—preindictment delay—necessity for showing prejudice and intentional delay**

In order for a defendant to carry the burden of his motion to dismiss for preindictment delay violating his due process rights pursuant to the Fifth and Fourteenth Amendments, he must show both actual and substantial prejudice from the preindictment delay *and* that the delay was intentional on the part of the State in order to impair defendant's ability to defend himself or to gain tactical advantage over the defendant. Therefore, defendant's motion to dismiss for failure to give him a speedy trial because of preindictment delay was properly denied where defendant relied solely on the claim that he was prejudiced by the delay and did not attempt to show the reason for the delay.

APPEAL by defendant from *Barbee, Judge.* Judgments entered 18 July 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 22 April 1980.

In April 1978, the State Bureau of Investigation and the Charlotte Police Department began a narcotics campaign in

Charlotte, North Carolina. Agent W. J. Watson, of the SBI, worked with a confidential informant and purchased narcotics in Mecklenburg County during April and May, including the purchases from defendant, Anderson (Mississippi Slim) Davis, which are the subject of this lawsuit. The confidential informant continued to work with other narcotics agents in this drive until the latter part of October 1978. The informant was promised a delay before any arrests were made so that the drug traffickers could not connect him with the sales. Thus, the informant would be protected.

In the course of this investigation, defendant made sales to agent Watson on 25 and 26 April 1978. On 18 December 1978, warrants were issued for defendant, charging him with possession of cocaine for the purpose of sale and the sale of cocaine on 26 April 1978. These warrants were served on defendant 21 December 1978. Thereafter, on 15 January 1979, true bills of indictment were returned on these charges. At the same time, true bills of indictment were returned charging the defendant with possession of cocaine for the purpose of sale and the sale of cocaine on 25 April 1978.

Defendant moved before Judge Snepp that the charges be dismissed for failure to give defendant a speedy trial under the Fifth and Sixth Amendments to the United States Constitution because of preindictment delay. Upon hearing the motion 25 May 1979, Judge Snepp entered an order, with findings of fact and conclusions of law, denying defendant's motion.

When the cases came on for trial in July 1979, defendant again moved to dismiss before the trial judge on the basis of unreasonable preindictment delay. At the hearing, defendant produced testimony by Helen Rasmussen that she lived in Miami, Florida. In December 1977 she lived and worked at Carl's El Padre Motel, checking people in and out, receiving rent, and performing other duties. Prior to Christmas 1977 she met defendant, and about the 1st of January, 1978, he rented an apartment from her at Carl's. Defendant checked out of the motel either May 16 or 17, 1978, while she was gone from the motel for a period of about five days. Davis was not absent from the motel during April 1978. She would have known if he had gone, even for a few days. She did not specifically remember the days of 25 and 26

April 1978, and although she searched for the motel records for that period, she was unable to locate them. While defendant was at the motel, he paid his rent daily. She had the records until the motel was sold 15 January 1979, when they were transferred to the new owner.

The state produced testimony concerning the undercover narcotics investigation recited above. The trial court denied the motion to dismiss. At the trial, Helen Rasmussen testified for defendant as summarized above, indicating defendant was in Florida at the time the crimes were committed. From verdicts of guilty and judgments of imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General J. Michael Carpenter, for the State.*

*Assistant Public Defender, 26th Judicial District, David A. Graham for defendant.*

MARTIN (Harry C.), Judge.

Defendant asserts only the contention that his motion to dismiss the charges for unreasonable preindictment delay should have been allowed. Defendant failed to file objections or exceptions to any of the findings of fact or conclusions of law made by the trial judge. He only excepted to the entry of the order denying his motion. Therefore, the findings of fact are deemed to be supported by the evidence and are conclusive upon appeal. There remains only the question whether the findings support the order entered and whether error appears in the order as a matter of law. *State v. Raynor*, 235 N.C. 184, 69 S.E. 2d 155 (1952); *State v. Melson*, 15 N.C. App. 586, 190 S.E. 2d 296 (1972).

Defendant contends he suffered actual and substantial prejudice from the preindictment delay, relying upon *State v. Dietz*, 289 N.C. 488, 223 S.E. 2d 357 (1976), and *State v. Herring*, 33 N.C. App. 382, 235 S.E. 2d 88 (1977). He concedes that the state did not intentionally delay the indictment in order to impair defendant's ability to defend himself.

There appears to be some dissonance over whether the defendant must carry a dual or single burden in order to sustain his motion to dismiss. Defendant contends that North Carolina has adopted a single-burden test; if defendant proves either intention-

al delay on the part of the state in order to impair defendant's ability to defend himself or actual and substantial prejudice from the preindictment delay, he is entitled to a dismissal of the charges. Defendant argues that *Dietz* and *Herring* are authority for the single-burden test. The state insists defendant must carry both burdens in order to secure a dismissal of the charges, relying upon *United States v. Marion,* 404 U.S. 307, 30 L.Ed. 2d 468 (1971), and *United States v. Lovasco,* 431 U.S. 783, 52 L.Ed. 2d 752, *rehearing denied,* 434 U.S. 881, 54 L.Ed. 2d 164 (1977).

We hold that the Supreme Court of the United States has answered this issue in *Lovasco.* This case involved a preindictment delay of eighteen months. The Court held the Speedy Trial Clause of the Sixth Amendment was not applicable, as it applied only to delay following indictment, information or arrest. Defendant's remedy is pursuant to the due process clause of the Fifth and Fourteenth Amendments. Defendant argued that due process bars prosecution whenever a defendant suffers prejudice as a result of preindictment delay, the same position defendant Davis insists upon. The Supreme Court held:

> Thus *Marion* [*United States v. Marion, supra*] makes clear that proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused.

431 U.S. at 790, 52 L.Ed. 2d at 759. In *Lovasco,* the preindictment delay was the result of investigation by the government before seeking indictments. The Court held that "investigative delay is fundamentally unlike delay undertaken by the Government solely 'to gain tactical advantage over the accused.'" 431 U.S. at 795, 52 L.Ed. 2d at 762. Further, the Court held that "to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." 431 U.S. at 796, 52 L.Ed. 2d at 763.

We note that both *Dietz* and *Herring* were decided prior to *Lovasco*: *Dietz* on 6 April 1976, *Herring* on 1 June 1977, and *Lovasco* on 9 June 1977. Nor does *Dietz* or *Herring* contain the definitive holding suggested by defendant Davis.

The reason for the delay of Mississippi Slim's arrest and indictment was to allow the continued use of the undercover informant in the narcotics investigation and to assure the safety of the officers and others engaged in the work. North Carolina had experienced a serious incident involving the safety of undercover agents in a similar narcotics investigation. The Court in *Lovasco*, footnote 19, quotes from Professor Amsterdam, *Speedy Criminal Trial: Rights and Remedies*, 27 Stan. L. Rev. 525, 527 (1975), as reason for noninvestigative delay the following: " '[P]roof of the offense may depend upon the testimony of an undercover informer who maintains his "cover" for a period of time before surfacing to file charges against one or more persons with whom he has dealt while disguised.' " This reasoning is equally true where the witness is a state agent working undercover, rather than an informant.

We hold that for defendant to carry the burden on his motion to dismiss for preindictment delay violating his due process rights pursuant to the Fifth and Fourteenth Amendments, he must show both actual and substantial prejudice from the preindictment delay *and* that the delay was intentional on the part of the state in order to impair defendant's ability to defend himself or to gain tactical advantage over the defendant. *Lovasco, supra.*

Here, defendant Davis admittedly relies solely upon the claim that he suffered actual and substantial prejudice from the delay and does not attempt to show the nature or reason for the preindictment delay. It necessarily follows that defendant's motion must fail and the trial court correctly ruled in denying defendant's motion to dismiss. The order is supported by the court's findings and no error of law appears.

No error.

Judges VAUGHN and CLARK concur.