State v. Holmes

———————

STATE OF NORTH CAROLINA v. JAMES HOLMES

No. 8212SC12

(Filed 5 October 1982)

1. **Constitutional Law § 51— speedy trial—ongoing drug investigation—pre-indictment delay**

There was insufficient evidence of undue delay and prejudice to defendant to require the dismissal of narcotics charges against defendant for pre-indictment delay where defendant allegedly sold narcotics to an undercover agent on 6 August 1980; the State had evidence sufficient to charge defendant on 20 August 1980; the indictment was not issued until 11 May 1981 when an ongoing undercover drug investigation was completed; although the undercover agent to whom defendant allegedly sold drugs stopped buying drugs in October 1980, he maintained and reported on his contacts in the drug community throughout the investigation; defendant asserted merely that he was prejudiced because neither he nor his mother could remember what had occurred on 6 August 1980, but defendant failed to show that testimony lost because of faded memory would have been helpful, was significant and was lost because of the pre-indictment delay; and defendant failed to show that the

State intentionally delayed indictment in order to impair his defense or to gain tactical advantage.

**2. Constitutional Law § 51— speedy trial—ongoing drug investigation—pre-indictment delay**

Where an undercover agent remains actively involved in an ongoing drug investigation and arrests and indictments would jeopardize the investigation, indictment may be delayed until completion of the investigation, and the delay in issuance of an indictment will not, without more, prejudice the defendant's due process interest in a timely indictment.

APPEAL by the State of North Carolina from *Braswell, Judge.* Judgment entered 11 August 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 31 August 1982.

The defendant was indicted on charges of possession with intent to sell and deliver a controlled substance (hydromorphone) and sale and delivery of the controlled substance in violation of G.S. 90-95(a)(1). Defendant's pretrial motion to dismiss for pre-indictment delay was granted. Pursuant to G.S. 15A-1445(a)(1), the State appealed entry of judgment for defendant.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Appellate Defender Adam Stein for defendant-appellee.*

HILL, Judge.

The defendant allegedly sold hydromorphone to Undercover Agent Jimmy Maynor on 6 August 1980. The State had evidence sufficient to charge defendant on 20 August 1980. The indictment was not issued, however, until 11 May 1981. Without making written findings of fact, the trial judge granted defendant's pretrial motion to dismiss for pre-indictment delay on 11 August 1981.

[1] The sole question for decision is whether there was sufficient evidence of undue delay and actual prejudice to defendant to support the trial judge's favorable ruling on defendant's pretrial motion to dismiss for pre-indictment delay. We find the judge's ruling is not supported by the evidence presented at hearing. We, therefore, reverse the judgment below and remand for a trial on the merits.

The State's evidence tended to show that from July, 1980, to May, 1981, the Cumberland County Bureau of Narcotics (CCBN) conducted an undercover drug campaign aimed at members of the drug community in Fayetteville, North Carolina. Working undercover, Deputy Sheriff Jimmy Maynor allegedly bought drugs from defendant on 6 August 1980 and continued making undercover purchases from others until October, 1980. Thereafter, although he ceased buying drugs, Maynor maintained and reported on contacts made in the field through 11 May 1981, when the indictment against defendant issued. Apparently, the State could have charged the defendant as early as 20 August 1980 but delayed indictment until the undercover operation ended.

The defendant's evidence tended to show that the 11 May 1981 indictment marked his earliest awareness of the charge against him. At the hearing on his motion, defendant testified that he could not remember what he was doing on 6 August 1980. Efforts by his friends, his mother and himself to recall independently or to trace his whereabouts on 6 August 1980 through a contemporaneous CETA application were fruitless.

This case falls squarely within the test adopted by this Court in *State v. Davis*, 46 N.C. App. 778, 782, 266 S.E. 2d 20, 23, *disc. rev. denied*, 301 N.C. 97, --- S.E. 2d --- (1980):

> . . . for defendant to carry the burden on his motion to dismiss for preindictment delay violating his due process rights pursuant to the Fifth and Fourteenth Amendments, he must show both [1] actual and substantial prejudice from the preindictment delay *and* [2] that the delay was intentional on the part of the state in order to impair defendant's ability to defend himself or to gain tactical advantage over the defendant.

We hold that defendant showed neither actual prejudice nor unwarranted delay.

In his motion, defendant baldly asserted that the State's delay in initiating prosecution "irreparably prejudiced defendant's ability to prepare an adequate defense." At hearing, defendant and his mother testified that, because of the delay, they could no longer remember what defendant was doing on 6 August 1980.

A general allegation of prejudice supported merely by claims of faded memory will not sustain the defendant's burden of proof on the issue of prejudice. The defendant must show that the evidence or testimony lost because of faded memory would have been helpful, was significant and was lost because of pre-indictment delay. *State v. Dietz*, 289 N.C. 488, 493, 223 S.E. 2d 357, 360 (1976). Nowhere in his testimony or written motion did defendant make the required showing. Hardly a criminal case exists where the defendant could not make general averments of impaired memory and lost witnesses. *State v. Dietz, supra*, at 493, 223 S.E. 2d at 361. As noted by the Court in *Dietz, id.*:

". . . A claim of faded memory, the veracity of which can rarely be satisfactorily tested, can be plausibly asserted in almost any criminal case in which the defendant is not charged within a few weeks, at most, after the crime. The possibility or likelihood of faded memory has not, however, in itself, been viewed as prejudice that requires dismissal of an indictment, despite delays of much longer than the four and one-half months shown here. . . ."

This defendant, in addition, failed to show that the State intentionally delayed indictment in order to impair his defense or to gain tactical advantage, a claim requiring inquiry into the nature of or reason for the delay. *State v. Davis, supra; United States v. Lovasco*, 431 U.S. 783, 790, 97 S.Ct. 2044, 2048-2049, 52 L.Ed. 2d 752, 759, *rehearing denied*, 434 U.S. 881, 98 S.Ct. 242, 54 L.Ed. 2d 164 (1977). To prevail on this point, a defendant essentially must prove that the State *unnecessarily* delayed seeking indictment. This Court recognizes that where the State delays indictment in order to complete an investigation, the defendant's due process rights remain intact, "even if his defense might have been somewhat prejudiced by the lapse of time." *State v. Davis, supra*, at 781, 266 S.E. 2d at 22, *quoting United States v. Lovasco, supra*, at 796, 97 S.Ct. at 2052, 52 L.Ed. 2d at 763. This Court also excuses delay necessitated by the State's desire to protect the identity and continued effectiveness of an undercover agent. *State v. Davis, supra*, at 782, 266 S.E. 2d at 22-23. Indeed, the courts of this State have recognized that where it would prejudice an ongoing drug investigation by compromising the agent's "cover," indictment may be delayed until completion of the investigation.

*State v. Dietz, supra; State v. Hackett,* 26 N.C. App. 239, 215 S.E. 2d 832, *cert. denied,* 288 N.C. 246, 217 S.E. 2d 670 (1975).

The defendant contends that, heretofore, North Carolina courts excused pre-indictment delay involving an ongoing drug operation principally to preserve the agent's ability to make undercover purchases of drugs. The defendant reasons that because Deputy Maynor stopped buying drugs in October, 1980, the State had no need to delay indictment further. We are not persuaded.

In the case at hand, the State delayed defendant's indictment because the undercover purchase involving the defendant was part of a 10-month drug investigation. The State's evidence indicated that defendant was arrested and formally charged when this investigation ended. Furthermore, Undercover Agent Maynor, to whom defendant allegedly sold drugs on 6 August 1980, saw the operation to completion. Although Maynor stopped buying drugs in October, 1980, he maintained and reported on his contacts in the drug community throughout the investigation. His continued usefulness hinged on his anonymity. An earlier indictment may have frustrated the CCBN's ongoing investigation, drying up sources and preventing society from bringing other drug traffickers to justice.

[2] We find that, under the circumstances of this case, the defendant has shown neither actual and substantial prejudice nor unnecessary delay. In so doing, we extend this Court's prior rulings, holding that where there is, as here, an ongoing investigation that will be jeopardized by arrests and indictments resulting from the operation *and* where the undercover agent remains actively involved in the operation, indictment may be delayed until completion of the drug investigation. In such instances, delay in issuance will not, without more, prejudice the defendant's due process interest in a timely indictment.

Reversed and remanded.

Judges VAUGHN and JOHNSON concur.