STATE OF NORTH CAROLINA v. PHILLIP D. PARKER

No. 8314SC647

(Filed 7 February 1984)

**1. Constitutional Law § 51— delay between offense and arrest—no denial of speedy trial rights**

Defendant was not entitled to have a robbery charge against him dismissed because of a delay of 207 days from the date of the offense to the date of his arrest. Art. I, § 23 of the N.C. Constitution; G.S. 15A-954(a)(3) and (4).

**2. Criminal Law § 66.9— photographic identification not unnecessarily suggestive**

A robbery victim's pretrial photographic identification of defendant was not unnecessarily suggestive where the victim was in defendant's presence for over 10 minutes; the victim was able positively to identify defendant when a detective showed her a group of photographs; the victim recognized defendant at the probable cause hearing; and there was no question in the victim's mind that defendant was the person who had robbed her.

**3. Criminal Law § 99.1— remarks by trial court—no expression of opinion**

The trial judge did not express an opinion as to defendant's guilt when, during his opening remarks to the jury, he stated that defendant is presumed to be innocent "at this stage of the proceedings" and that "I think that the State will show that it occurred at the Maplewood Cemetery."

**4. Criminal Law § 43— photographs of robbery victim**

Photographs of a robbery victim were properly admitted to illustrate to the jury the injuries the victim received when defendant hit her in the face.

**5. Criminal Law § 102— last jury argument—requiring defendant to introduce exhibit—absence of prejudice**

There is no merit in defendant's contention that the trial court erred in requiring defendant to offer a supplemental police report into evidence in order to use the report in cross-examining an officer, thereby depriving defendant of his right to the final jury argument, since (1) defendant voluntarily introduced the exhibit, and (2) defendant was not prejudiced by such admission

since the trial judge decides the order of final jury arguments and his decision is final. Rule 10, General Rules of Practice for the Superior and District Courts.

APPEAL by defendant from *Clark, Giles R., Judge.* Judgment entered 14 February 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 16 January 1984.

Defendant appeals from a jury verdict finding him guilty of common law robbery.

*Attorney General Edmisten, by John R. B. Matthis, Special Deputy Attorney General, for the State.*

*C. Douglas Fisher, for the defendant-appellant.*

VAUGHN, Chief Judge.

[1] Defendant first contends that the trial judge erred by denying his pre-trial motion to dismiss in violation of Article I, § 23 of the North Carolina Constitution and G.S. 15A-954(a)(3) and (4). We find no merit in this contention.

Article I, § 23 of our Constitution provides:

> In all criminal prosecutions, every person charged with crime has the right to be informed of the accusation and to confront the accusers and witnesses with other testimony, and to have counsel for defense, and not be compelled to give self-incriminating evidence, or to pay costs, jail fees, or necessary witness fees of the defense, unless found guilty.

G.S. 15A-954(a)(3) and (4) provide:

> (a) The court on motion of the defendant must dismiss the charges stated in a criminal pleading if it determines that:

> (3) The defendant has been denied a speedy trial as required by the Constitution of the United States and the Constitution of North Carolina.

> (4) The defendant's constitutional rights have been flagrantly violated and there is such irreparable prejudice to the defendant's preparation of his case that there is no remedy but to dismiss the prosecution.

The robbery with which defendant was charged occurred on 20 March 1982. The police had no leads or information as to possible suspects until two months later, in May 1982. Defendant was arrested on 12 September 1982. Defendant contends that the delay of over 207 days from the date of the offense to the date of arrest denied him of his rights under Article I, § 23 and that, therefore, his motion to dismiss should have been granted.

Defendant has been denied neither a speedy trial nor any other constitutional right. To grant a motion to dismiss for pre-indictment delay, defendant must show both intentional delay on the part of the State in order to impair defendant's ability to defend himself and actual and substantial prejudice from the pre-indictment delay. *State v. Davis*, 46 N.C. App. 778, 266 S.E. 2d 20, *review denied*, 301 N.C. 97 (1980).

[2] Defendant next contends that the trial court erred in denying defendant's pre-trial motion to suppress identification of defendant, based on an impermissibly suggestive and unreliable pre-trial identification of defendant. This contention is without merit.

It is well established that an in-court identification based on an impermissibly suggestive out-of-court identification will be inadmissible as well. *State v. Leggett*, 305 N.C. 213, 287 S.E. 2d 832 (1982). The legality of a pre-trial identification is determined by the totality of the circumstances in the particular case. Factors to consider in evaluating the suggestiveness and likelihood of mistaken identification include:

(1) the opportunity of the witness to view the criminal at the time of the crime,

(2) the witness' degree of attention,

(3) the accuracy of the witness' prior description of the criminal,

(4) the level of certainty demonstrated by the witness at the confrontation,

(5) the length of time between the crime and the confrontation.

*Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed. 2d 401 (1972);
*State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974).

Mrs. Streib testified that she was at a cemetery, putting
some flowers at her mother's gravesite when she first saw de-
fendant. She watched defendant walk over to her car and try the
door. He then started walking toward her and she began running.
Defendant caught up to her, grabbed her, pinned her down and
beat her. He grabbed her keys, returned to her car and at-
tempted to open the door. Unsuccessful, he left. Mrs. Streib
testified that "a good ten minutes" transpired from the time she
saw defendant to the time he left. In mid-May, when the detective
showed her a group of photographs, she was able to positively
identify defendant. Mrs. Streib recognized defendant at the prob-
able cause hearing. There was no question in her mind that de-
fendant was the same person who attacked her and took her keys.
The evidence leaves no question but that applying the *Biggers*
standards, Mrs. Streib's pre-trial identification of defendant was
reliable and admissible.

[3] Defendant next cites prejudicial error in the trial judge's
opening remarks to the jury. Defendant contends that the trial
judge inserted his opinion as to the guilt of defendant and the
place where the alleged robbery occurred.

Specifically, defendant objects to parts of the following
statements to the jury:

> [T]his is a criminal action. The defendant has entered a
> plea of not guilty to the charge against him. I wish to inform
> you at this time that upon his plea of not guilty there arises
> in his behalf a presumption of innocence. He is presumed to
> be innocent at *this stage* of the proceedings and the burden
> is cast upon the state to satisfy you of his guilty [sic] beyond
> a reasonable doubt. In a criminal action such as this there is
> no duty, or burden on behalf of the defendant to prove any-
> thing to you. . . .

> Members of the jury, by way of background, and, of
> course, you will base your verdict on the evidence given dur-
> ing the trial by the witnesses sworn and called to testify
> before you, and by the exhibits that are introduced into
> evidence, by way of background in order that you may re-

State v. Parker

spond to the questions that will be asked of you, I have told you that this offense is alleged to have occurred back on the twentieth day of March of 1982, and *I think that the state will show that it occurred at the Maplewood Cemetery.* It is alleged to have occurred at the Maplewood Cemetery here in the city of Durham.

Defendant finds prejudice in the italicized portions of the judge's remarks. We find no such prejudice. The judge's remarks, viewed as a whole, were fair and impartial.

[4] Defendant next contends that the trial court erred by admitting into evidence photographs of the victim, Mrs. Streib, after the robbery. Defendant's contention is without merit. Mrs. Streib used photographs to illustrate to the jury the injuries she received when defendant hit her in the face. She testified that the photographs fairly and accurately portrayed the way she had looked. Generally, if a photograph is relevant and material, the fact that it is gory or gruesome and, thus, may tend to arouse prejudice, does not, alone, render it inadmissible. *State v. Mercer,* 275 N.C. 108, 165 S.E. 2d 328 (1969); 1 Brandis on North Carolina Evidence, § 34 (1982). The photographs in this case were properly admitted into evidence.

[5] During trial, defense counsel attempted to impeach State's witness, Officer Robert Franklin, using a supplementary police report made by the officer. The prosecutor objected and the following exchange occurred:

MR. NIFONG: Your Honor, I am going to object to his reading it, unless he introduces it into evidence. If he wishes to do that, I have no objection to it being read. If he wants him to read a document that is not in evidence, I object to that as long as it is not in evidence.

COURT: I think he would be right, sir.

MR. FISHER: If your Honor please, then, I believe the appropriate foundation has been laid, and I would move the defendant's exhibit one into evidence.

MR. NIFONG: No objection.

Defendant contends that the trial court committed reversible error by requiring him to offer the police report into evidence and, thereby, depriving him of his right to final jury argument. Defendant's contention is without merit. We note, first, that defendant voluntarily introduced the exhibit. Second, defendant was not prejudiced by such admission. The trial judge decides the order of final jury arguments and his decision is final. Rule 10, General Rules of Practice for the Superior and District Courts; *Pinner v. Southern Bell*, 60 N.C. App. 257, 298 S.E. 2d 749, *review denied*, 308 N.C. 387, 302 S.E. 2d 253 (1983).

Defendant lastly contends that the trial court erred in denying his motion to dismiss at the close of the State's evidence. The State produced plenary evidence that the crime was committed and that defendant was the perpetrator. The case was properly submitted to the jury.

No error.

Judges WEBB and JOHNSON concur.