STATE OF NORTH CAROLINA v. JEFFREY J. KISTLE

No. 821SC332

(Filed 7 December 1982)

**1. Criminal Law § 43.2— admissibility of photographs—showing of chain of custody not necessary**

> *Photographs were properly admitted into evidence without a showing of a complete chain of custody of the photographs where the authenticity of the photographs was established.*

**2. Criminal Law § 43.2— photographs as substantive evidence—testimony as to true representation not required**

Where photographs were introduced as evidence of the crime itself, and not as illustrative evidence, there was no need to have a witness testify that they fairly and accurately represented the scenes, objects, people and position of the people they purported to portray.

**3. Rape and Allied Offenses § 19— indecent liberties with child—nude photographs**

The taking of nude photographs of a child constituted indecent liberties with the child in violation of G.S. 14-202.1.

APPEAL by defendant from *Small, Judge*. Judgment entered 5 November 1981 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 15 October 1982.

Defendant was charged with taking indecent liberties with a child. The State's evidence at trial tended to show that defendant delivered a roll of unprocessed film to the Coast Guard Exchange for processing. The film processor employed by the Exchange discovered upon development of the film that the roll contained, among other things, photographs of a nude female child. The processor promptly reported the contents of the roll of film to the authorities and defendant was subsequently arrested. The mother of the female child in the photographs testified that the defendant had on occasion baby-sat for her children and that the background in all the photographs depicted the inside of defendant's apartment. Over defendant's objections, the trial court allowed the photographs in question to be introduced into evidence. Defendant presented no evidence and his motion to dismiss was denied.

Defendant was convicted of taking indecent liberties with children pursuant to N.C. Gen. Stat. § 14-202.1 and from a judgment entered pursuant to that conviction he appeals.

*Attorney General Edmisten by Assistant Attorney General Lucien Capone, III, for the State.*

*D. Keith Teague for the defendant-appellant.*

MARTIN (Robert M.), Judge.

[1] Defendant contends that the State failed to establish a complete chain of custody for the photographs and that the trial court erred when it admitted them into evidence. Since we find that the

State adequately established the authenticity of the photographs, we hold that the trial judge properly admitted them into evidence.

The purpose behind the evidentiary rule requiring that a chain of custody be established is to insure that "the object offered is the object which was involved in the incident and further that the condition of the object is substantially unchanged." McCormick's Handbook of the Law of Evidence § 212 (E. W. Cleary ed. 2d ed. 1972). A detailed chain of custody need only be established when the evidence offered is not readily identifiable or is susceptible to alteration. "If the offered item possesses characteristics which are fairly unique and readily identifiable, and if the substance of which the item is composed is relatively impervious to change, the trial court is viewed as having broad discretion to admit merely on the basis of testimony that the item is the one in question and is in a substantially unchanged condition." *Id.* In *State v. Brooks*, 15 N.C. App. 367, 190 S.E. 2d 338 (1972), this court held that a complete chain of custody need not be established where an investigating officer, who discovered the burglary tools which were offered into evidence at trial, recognized and identified the tools from memory of marks he made on them. In the present case, as in *Brooks*, the State need not establish a complete chain of custody. A witness who had inspected the film immediately after processing testified that the photographs introduced at trial were the same as those he had inspected immediately after processing. That testimony sufficiently established the authenticity of the exhibits in question when taken in conjunction with the testimony of another witness who stated that the undeveloped film had been brought to the Coast Guard Exchange by the defendant.

[2] Defendant also contends that the photographs were erroneously admitted into evidence because the State could not produce evidence indicating that the photographs were a true representation of the scenes, objects, people and position of the people they purported to portray. Since the photographs were introduced as evidence of the crime itself, and not as illustrative evidence, there was no need to have a witness testify that they fairly and accurately represented the scene described by testimony. To the extent that the victim's mother used the photographs to illustrate her testimony concerning defendant's

apartment, she did state that they fairly and accurately portrayed the scene. We therefore conclude that the photographs were properly admitted into evidence by the trial court.

[3]   Finally, defendant argues that the taking of a photograph of a child does not constitute the commission of a lewd and lascivious act upon or with the body, or a part or member thereof, in violation of N.C. Gen. Stat. § 14-202.1. First, it must be noted that this case involves more than a mere photograph of a child. At least one of the photographs taken pictured a nude female child in a clearly sexually suggestive position. Secondly, it has already been established that a violation of N.C. Gen. Stat. § 14-202.1 does not require any sexual contact with the child's body. "We reject the argument and hold that it is not necessary that there be a touching of the child by the defendant in order to constitute an indecent liberty within the meaning of N.C.G.S. 14-202.1. . . . The purpose of the statute is to give broader protection to children than the prior laws provided. . . . The word 'with' is not limited to mean only a physical touching." *State v. Turman*, 52 N.C. App. 376, 377, 278 S.E. 2d 574, 575 (1981). [Citations omitted.] We hold that N.C. Gen. Stat. § 14-202.1 was designed to protect children from precisely the type of activity engaged in by this defendant.

We have carefully considered defendant's other assignments of error and find them to be without merit. In the defendant's trial, we find

No error.

Judges ARNOLD and WHICHARD concur.