STATE OF NORTH CAROLINA v. TONY ALLEN WILSON

No. 8725SC165

(Filed 20 October 1987)

**Rape § 19— taking indecent liberties with child—"purpose of arousing or gratifying sexual desires"—no fatal variance between indictment and instructions**

    There was no fatal variance between an indictment which charged that defendant took indecent liberties with his daughter by willfully committing a lewd and lascivious act upon her and the trial judge's instructions which included language not in the indictment that the indecent liberty was taken "for the purpose of arousing or gratifying sexual desires." N.C.G.S. § 14-202.1.

APPEAL by defendant from *Sitton, Judge.* Judgment entered 26 September 1986 in Superior Court, BURKE County. Heard in the Court of Appeals 1 September 1987.

Defendant was tried upon an indictment, proper in form, charging him with the commission of a first degree sexual offense and with the taking of indecent liberties with his daughter, then four years old. The jury found defendant not guilty of the first degree sexual offense and guilty of taking indecent liberties with a minor child. The trial judge sentenced defendant to nine years' imprisonment. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Donald W. Laton, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., for defendant-appellant.*

PARKER, Judge.

Defendant's sole contention in this appeal is that a variance between the language of the indictment and the trial judge's charge to the jury constituted reversible error.

The North Carolina statute prohibiting the taking of indecent liberties with children provides:

    (a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

        (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either

sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

(b) Taking indecent liberties with children is punishable as a Class H felony.

G.S. 14-202.1. The indictment upon which defendant was tried and convicted states the following:

TAKING INDECENT LIBERTIES WITH CHILDREN

And the jurors for the State upon their oath present that on or about the _____ day of October, 1985, in the county named above the defendant named above unlawfully, willfully and feloniously did commit and attempt to commit a lewd and lascivious act upon the body of [the victim], who was under the age of 16 years at the time. At the time, the defendant was over 16 years of age and at least five years older than that child. This act was in violation of N.C.G.S. 14-202.1.

In response to defendant's request for a bill of particulars, the State specified that the alleged offense "occurred sometime in the Fall, probably in the month of October, and all the available information is October 28, 1985"; that the location of the alleged offense was the defendant's and the victim's shared residence; and that the alleged sexual act was "inserting a foreign object into the child's vagina."

At the close of all evidence, the trial judge instructed the jury as follows:

As to count two, the defendant is charged with the offense of taking indecent liberty with a child. Now, I charge that for you to find the defendant guilty of taking indecent liberty with a child, the State must prove three things to you beyond a reasonable doubt.

First, that the defendant, Tony Wilson, committed a lewd or lascivious act upon a child, [the victim], or took an in-

decent liberty with a child for the purpose of arousing or gratifying sexual desires. An indecent liberty is an immoral or indecent touching or act by the defendant upon a child or an inducement by the defendant of an immoral or indecent touching by the child.

Second, that the child had not reached her sixteenth birthday at the time in question and third, that the defendant was at least five years older than the child and had reached his sixteenth birthday at that time.

Defendant failed to object to the charge, although given an opportunity out of the presence of the jury to do so. Hence, error, if any, to afford defendant relief must be "plain error." Rule 10(b)(2), N.C. Rule App. Proc. and *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

The general rule is that a defendant must be convicted, if he is convicted at all, of the particular offense with which he was charged in the bill of indictment. *State v. Muskelly*, 6 N.C. App. 174, 176, 169 S.E. 2d 530, 532 (1969). The portion of the trial judge's jury charge not included in the indictment was the language "for the purpose of arousing or gratifying sexual desires," language that appears in G.S. 14-202.1(a)(1). We hold that the inclusion of this language in the charge to the jury did not cause a fatal variance between the indictment and the charge and does not constitute plain error.

The original version of G.S. 14-202.1, enacted in 1955, was captioned, "An Act to provide for the protection of children from sexual psychopaths and perverts." 1955 N.C. Sess. Laws Ch. 764. The statute was written in order to afford broader protection to children than provided by the then-existing laws. *State v. Harward*, 264 N.C. 746, 749, 142 S.E. 2d 691, 694 (1965); *State v. Turman*, 52 N.C. App. 376, 377, 278 S.E. 2d 574, 575 (1981). The impetus for the statute was a law review article, *The Law of Crime Against Nature*, 32 N.C.L. Rev. 312 (1954), which advocated a revision of North Carolina's criminal law regarding crimes against nature, and included a section covering child molesting. *State v. Harward*, 264 N.C. at 748-749, 142 S.E. 2d at 694; *State v. Whittemore*, 255 N.C. 583, 585, 122 S.E. 2d 396, 398 (1961). The statute specifically proposed by the article made a felony the taking of "any immoral, improper, or indecent liberties with" or,

alternatively, the committing of "any lewd or lascivious act upon or with the body, or any part of [sic] member thereof" of any child under sixteen years of age. Spence, *The Law of Crime Against Nature*, 32 N.C.L. Rev. 312, 324 (1954). Each of these theories required "the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both." *Id.*

As originally enacted, G.S. 14-202.1 consisted of a single paragraph making a felony "any immoral, improper, or indecent liberties" or "any lewd or lascivious act" with a child, and required the "intent to commit an unnatural sexual act" as to each alternative. Our current substantive version of G.S. 14-202.1 was enacted in 1975. This version divided the offense into two alternative subsections, (1), prohibiting "any immoral, improper, or indecent liberties," and (2), prohibiting "any lewd or lascivious act." This version also eliminated the required "intent to commit an unnatural sexual act," and included the requirement as to each alternative that the offense be "willful." Finally, the General Assembly added the phrase "for the purpose of arousing or gratifying sexual desire" to subsection (1), containing the "immoral, improper, or indecent liberties" language. The phrase was not added to subsection (2), which contained the "lewd or lascivious act" language.

The General Assembly's reason for adding the phrase to one subsection and not to the other is not clear. However, it may be logically assumed that acts described as "lewd" and "lascivious" are committed "for the purpose of arousing or gratifying sexual desire." The word "lewd" has been defined as "inciting to sensual desire or imagination"; the word "lascivious" has been defined as "tending to arouse sexual desire." Webster's Third New International Dictionary (1971). Moreover, our Supreme Court, in *State v. Williams*, 303 N.C. 507, 279 S.E. 2d 592 (1981), after setting out the substantive portion of G.S. 14-202.1 in its entirety, stated, "The offense of taking indecent liberties with children requires proof that the crime be willful and that it be for the 'purpose of arousing or gratifying sexual desire'"; the Court did not distinguish between the alternative subparts of the statute. 303 N.C. at 514, 279 S.E. 2d at 596.

On the facts of the case before us, the State could have charged defendant under G.S. 14-202.1(a)(1), but was not required

to do so. The evidence presented at trial supported either theory. Therefore, we must conclude that the trial judge's inclusion in the charge of language involving "the purpose of arousing or gratifying sexual desires" did not constitute a fatal variance between the indictment and the charge. The language of the indictment together with the bill of particulars gave defendant fair notice both of the events giving rise to the charge and of the crime with which he was accused, taking indecent liberties with a child.

In any event, defendant has failed to show the instruction was plain error.

North Carolina Rule of Appellate Procedure 10(b)(2) provides the following, in relevant part:

> No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury, and, on request of any party, out of the presence of the jury.

In exceptional cases, however, where the claimed instructional error is a fundamental one having a probable impact on the jury's finding of guilt, the improper instruction will justify reversal of a criminal conviction although no objection was made in the trial court under the "plain error rule" adopted by our Supreme Court in *State v. Odom, supra.* In order to show the existence of plain error in the trial court's charge to the jury, defendant must establish that absent the erroneous charge the jury probably would have reached a different verdict. *State v. Ramey*, 318 N.C. 457, 463, 349 S.E. 2d 566, 570 (1986); *State v. Walker*, 316 N.C. 33, 39, 340 S.E. 2d 80, 83 (1986); *State v. Odom*, 307 N.C. at 661, 300 S.E. 2d at 378-379. Defendant has failed to meet this burden in the case before us.

At trial, the only direct evidence presented by the State tending to show that defendant had committed the crime of taking indecent liberties was the victim's testimony that defendant had placed the handle of a knife, a fork, a spoon, and his finger "inside" the victim "where [she] went to the bathroom." Defendant denied that he had committed these acts. If the jurors be-

lieved the victim's testimony, they correctly found that he committed a lewd or lascivious act upon the body of the child pursuant to G.S. 14-202.1(a)(2) and consistent with the indictment. There is nothing in the record to indicate that the additional language in the trial judge's charge to the jury caused the jury to reach its verdict.

Therefore, for the reasons stated above, we find

No error.

Judges BECTON and JOHNSON concur.