■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN D. COVINGTON, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Monroe County Court for further proceedings, in accordance with the following memorandum: Defendant contends that County Court erred in sentencing him as a second felony offender based on his conviction in North Carolina for

taking indecent liberties with a child (NC Gen Stat § 14-202.1) because that conviction was not equivalent to the New York felony of sexual abuse in the first degree (Penal Law § 130.65). We agree. An out-of-State conviction is a predicate felony for purposes of sentencing in New York if it carries a sentence in excess of one year and "the conviction [is] for a crime whose elements are equivalent to those of a New York felony" *(People v Gonzalez,* 61 NY2d 586, 589; Penal Law § 70.06 [1] [b] [i]). Here, sexual abuse in the first degree requires sexual contact, which is defined in part as "any touching of the sexual or other intimate parts of a person * * * for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]). Although the element of gratifying sexual desire is contained in subdivision (a) (1) of General Statutes of North Carolina § 14-202.1, that statute does not require a physical touching *(see, State v Kistle,* 59 NC App 724, 297 SE2d 626, *cert denied* 307 NC 471, 298 SE2d 694). Additionally, to be convicted of sexual abuse in the first degree (Penal Law § 130.65 [3]), the sexual contact must be with a child less than eleven years old, while under the North Carolina statute the child must be less than sixteen years old. Those necessary elements are therefore not equivalent, and the indictment may not be considered because it would only set forth the way the crime was committed, rather than its elements *(see, People v Muniz,* 74 NY2d 464, 469-471; *People v Olah,* 300 NY 96). Accordingly, defendant's North Carolina conviction may not be used for purposes of sentencing as a predicate felony and we remit the matter to County Court for resentencing on his conviction for manslaughter in the second degree. (Appeal from Judgment of Monroe County Court, Connell, J.—Manslaughter, 2nd Degree.) Present—Callahan, A. P. J., Boomer, Green, Lawton and Davis, JJ.