STATE OF NORTH CAROLINA v. DONALD WILLIAM ANDERSON, JR.

No. COA05-1038

(Filed 4 April 2006)

**1. Indecent Liberties; Sexual Offenses— sufficiency of indictment—time periods**

The trial court did not err in a multiple indecent liberties and multiple first-degree sexual offense with a child under the age of thirteen years case by entering judgment against defendant even though he contends the indictments were fatally defective based on the fact they alleged only a year or a season for the dates of the offenses, because: (1) defendant admits he failed to object to the indictments at trial, and he also failed to move for a bill of particulars or for appropriate relief; (2) although defendant asserts insufficient time periods, it has been repeatedly stated that in the interests of justice and recognizing that young children cannot be expected to be exact regarding times and dates, the uncertainty as to time goes to the weight rather than the admissibility of evidence; and (3) the indictments provided a person of ordinary intelligence a reasonable opportunity to know what alleged conduct was prohibited.

STATE v. ANDERSON

[177 N.C. App. 54 (2006)]

**2. Evidence— prior crimes or bad acts—cunnilingus**

The trial court did not err in a multiple indecent liberties and multiple first-degree sexual offense with a child under the age of thirteen years case by denying defendant's motion to exclude evidence admitted under N.C.G.S. § 8C-1, Rule 404(b) that he performed a prior act of cunnilingus on the victim based on the fact that the incident did not occur within Cabarrus County, because: (1) the similarity of the 404(b) evidence to the offense and the temporal proximity to the other incidents to the offense may reveal defendant's opportunity, plan, and intent to take advantage of the minor victim; (2) following the first incident, defendant engaged in numerous other sexual acts with the victim in the seclusion of his bedroom while her mother was outside or away from the home; and (3) assuming arguendo that the evidence was improperly admitted, defendant failed to show a different result would have been reached absent this evidence in light of defendant's admissions and other evidence of defendant's guilt.

**3. Sentencing— aggravating factors—took advantage of position of trust or confidence**

The trial court did not abuse its discretion in a multiple indecent liberties and multiple first-degree sexual offense with a child under the age of thirteen years case by sentencing defendant in the aggravated range based on the jury finding beyond a reasonable doubt the aggravating factor that defendant stepfather took advantage of a position of trust or confidence.

Appeal by defendant from judgments entered 23 September 2004 by Judge Larry G. Ford in Cabarrus County Superior Court. Heard in the Court of Appeals 9 March 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Margaret A. Force and Assistant Attorney General Robert C. Montgomery, for the State.*

*Mercedes O. Chut, for defendant-appellant.*

TYSON, Judge.

Donald William Anderson ("defendant") appeals from judgment entered after a jury found him to be guilty of three counts of indecent liberties with H.B., a minor child, and five counts of first-degree sexual offense with H.B., a child under the age of thirteen years. We find no error.

STATE v. ANDERSON

[177 N.C. App. 54 (2006)]

## I. Background

### A. State's Evidence

Defendant is H.B.'s stepfather. Defendant moved into H.B.'s mother's home when H.B. was attending third grade. Defendant and H.B.'s mother eventually married. Defendant moved out of the marital home after accusations arose in this case.

H.B. was born on 6 June 1990. She testified the first time a sexual incident occurred with defendant was when she was between the ages of six and eight years old. At that time, H.B. told defendant her "private area" was burning. Defendant told H.B. to remove her clothes and led her into a bedroom where he inserted his tongue into her vagina. Defendant told H.B. to not tell her mother what defendant had done at that time.

The next sexual incident also occurred when H.B. was in the third grade. H.B. testified defendant routinely asked her to lift up her shirt or blouse so he could look at her breasts and to take "naps" with him while H.B.'s mother was at work. When H.B. was between nine and ten years old, defendant requested H.B. to take naps with him approximately twice a month. During the naps, defendant would touch H.B.'s vagina and breasts over her clothes and place his hands under her clothes. H.B. testified defendant inserted his finger into her vagina.

When H.B. was between eleven and twelve years old, defendant took H.B. into his bedroom and placed H.B.'s hands onto his penis, while his pants were down. Defendant asked H.B. numerous times to pull up her shirt so that he could touch her breasts. Defendant assured H.B. he would not require her to do housework or homework in exchange for her granting his sexual requests. H.B. testified defendant commented, "[i]f you let me look, I won't make you do your chores."

H.B. testified when she was attending sixth grade she spoke with a guidance counselor at school about the incidents. She told other adults, as well. H.B.'s mother demanded defendant to move out of the marital home. Several months later, defendant moved back into the home. After defendant returned, H.B. testified defendant asked her on numerous occasions to pull up her shirt. She refused. She also testified defendant peered through her bathroom door and observed her taking a shower.

While H.B. was attending eighth grade, her teachers became concerned after she consistently failed to turn in her homework. When

H.B.'s teachers questioned her about her poor school performance, H.B. told them about her relationship with defendant. The school guidance counselor scheduled a meeting with two social workers. H.B. attended the meeting and informed them of the sexual encounters she had experienced with defendant.

Defendant's statements about some of the sexual incidents were consistent with H.B.'s statements. Toby Lester ("Lester"), a social worker for Cabarrus County Department of Social Services ("DSS"), testified defendant admitted he had touched H.B.'s "privates" and penetrated her "private" with his fingers. Defendant admitted he had performed the acts so often he could not state how many times they occurred. He also admitted he performed oral sex on H.B. and had ejaculated after he placed H.B.'s hands onto his penis. While defendant could not remember specific dates when the conduct occurred, he told Lester that it happened from the time H.B. was seven until one year before the trial.

Detective Scott Mason ("Detective Mason") of the Cabarrus County Sheriff's Department testified regarding a statement he took from defendant. Defendant admitted the first time he engaged in sexual touching of H.B. was when he was babysitting her during the summer of 1998, when H.B. was seven or eight years old. Defendant's account of the act was consistent with H.B.'s testimony. Defendant admitted he rubbed H.B.'s breasts and vagina while he took "naps" with her. Detective Mason wrote down defendant's statement. Defendant signed the statement and acknowledged it was true and accurate.

Dr. Greg Garraro at Suburban Pediatrics testified that he examined H.B. and found no physical evidence of the alleged abuses. Dr. Garraro stated physical evidence would not be expected to be present three years after acts of digital penetration.

### B. Defendant's Evidence

Defendant testified at trial and admitted portions of his alleged conduct. He denied inserting his finger into H.B.'s vagina. Defendant testified he was intoxicated when he talked with Detective Mason. Defendant also testified he was distracted when he talked to Detective Mason because he possessed marijuana and was planning a method to get rid of it.

A jury found defendant to be guilty of three counts of indecent liberties with a minor child and five counts of first-degree sexual

offense with a child under the age of thirteen. Two counts of first-degree sexual offense were consolidated, and defendant was sentenced to a minimum of 244 months and a maximum of 302 months incarcerated. The remaining three counts of first-degree sex offense were consolidated, and defendant was sentenced to a minimum of 245 months and a maximum of 303 months to be served at the expiration of sentences imposed in 04 CRS 2409. Two counts of indecent liberties were consolidated, and defendant was sentenced to a minimum of eighteen and a maximum of twenty-two months to be served at the expiration of sentences imposed in 04 CRS 2411. For the remaining count of indecent liberties, defendant was sentenced to a minimum of eighteen and a maximum of twenty-two months to be served at the expiration of 04 CRS 2412. Defendant appeals.

## II. Issues

Defendant argues the trial court erred when it: (1) entered judgment against him due to fatal defects in each indictment; (2) denied his motion to exclude evidence admitted under Rule 404(b); and (3) sentenced him in the aggravated range.

## III. Indictments

### A. Preservation of Error

[1] Defendant argues the trial court erred when it entered judgments on fatally defective indictments. We disagree.

Defendant contends because the indictments "provide only a year or a season for the date of the offense," the trial court failed to acquire "jurisdiction over [defendant] and the judgments against him are void." The indictments allege the following dates:

(1) First Degree Sex Offense, Summer 1999

(2) First Degree Sex Offense, Fall 1999

(3) First Degree Sex Offense, Winter 1999-2000

(4) First Degree Sex Offense, Spring 2000

(5) First Degree Sex Offense, Fall 2000

(6) Indecent Liberties with a Child, Summer 2000

(7) Indecent Liberties with a Child, Summer 2000

(8) Indecent Liberties with a Child, Winter 2000-2001

Defendant admits he failed to object to the indictments at trial. Defendant also failed to move for a bill of particulars or for appropriate relief. *See State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981) ("G.S. 15A-1415(b)(2) provides that a motion for appropriate relief, which is based upon the trial court's lack of subject matter jurisdiction, may be asserted by a defendant 'any time' after verdict.").

Our Supreme Court has stated:

It is well settled that a constitutional question which is not raised and passed upon in the trial court will not ordinarily be considered on appeal. An attack on an indictment is waived when its validity is not challenged in the trial court. However, where an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court. As to the indictments challenged in defendant's motion for appropriate relief, this Court has held that a motion for appropriate relief filed while an appeal is pending properly raises the issue of an indictment's conferral of jurisdiction to a trial court. Although a motion for appropriate relief generally does not allow a defendant to raise an issue that could have been raised on direct appeal, a challenge to the trial court's jurisdiction may be raised by a motion for appropriate relief. Therefore, these issues are properly before this Court.

*State v. Wallace*, 351 N.C. 481, 503-04, 528 S.E.2d 326, 340-41 (internal quotations and citations omitted), *cert. denied*, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000).

In *Sturdivant*, our Supreme Court held, "the failure of a criminal pleading to charge the essential elements of the stated offense is an error of law which may be corrected upon appellate review even though no corresponding objection, exception or motion was made in the trial division." 304 N.C. at 308, 283 S.E.2d at 729-30.

In *State v. McGaha*, our Supreme Court arrested judgment against the defendant. 306 N.C. 699, 700, 295 S.E.2d 449, 450 (1982). The Court found the indictment was fatally flawed because it charged the defendant with committing a first-degree sexual offense for engaging in a sexual act with a victim who was twelve years and eight months old, the statute forbidding such conduct with children "of the age of 12 years or less." *Id.* The Court stated:

A motion in arrest of judgment is directed to some fatal defect appearing on the face of the record. It has been held that such a motion may be made for the first time on appeal in the Supreme Court. A motion in arrest of judgment is proper when it is apparent that no judgment against the defendant could be lawfully entered because of some fatal error appearing in: (1) the organization of the court, (2) the charge made against the defendant (the information, warrant or indictment), (3) the arraignment and plea, (4) the verdict, and (5) the judgment.

*Id.* at 702, 295 S.E.2d at 451 (internal citations omitted).

### B. Sufficiency of Indictments

After reviewing sufficiency of indictments in child sexual abuse charges, this Court stated:

Unless the date given in a bill of indictment is an essential element of the crime charged, the general rule in North Carolina, particularly in child sex abuse cases, is that an indictment is sufficient to charge a defendant with the specific statutory offense if it quotes the operative language of the statute. Moreover, in North Carolina, the statute under which a defendant is charged is considered sufficiently specific under both our federal and state constitutions if it gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited.

*State v. Blackmon,* 130 N.C. App. 692, 693-94, 507 S.E.2d 42, 43-44 (internal quotations and citations omitted), *disc. rev. denied,* 349 N.C. 531, 526 S.E.2d 470 (1998).

Regarding testimony in child sexual abuse cases, our Supreme Court stated:

We have stated repeatedly that in the interests of justice and recognizing that young children cannot be expected to be exact regarding times and dates, a child's uncertainty as to time or date upon which the offense charged was committed goes to the weight rather than the admissibility of the evidence. Nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time for the offense where there is sufficient evidence that defendant committed each essential act of the offense.

*State v. Wood,* 311 N.C. 739, 742, 319 S.E.2d 247, 249 (1984) (internal citations omitted).

Defendant only argues the indictments alleged insufficient time periods. He does not assert the indictments failed to allege an essential element of each offense. Defendant failed to either move for a bill of particulars or for appropriate relief. The indictments provided "a person of ordinary intelligence a reasonable opportunity to know what [alleged conduct was] prohibited." *Blackmon*, 130 N.C. App. at 693-94, 507 S.E.2d at 43-44. Defendant failed to preserve this issue for review. This assignment of error is dismissed.

### IV. Rule 404(b) Evidence

**[2]** Defendant argues the trial court erred when it denied his motion to exclude evidence admitted under Rule 404(b). Defendant contends evidence he performed cunnilingus on the victim should not have been admitted because the incident did not occur within Cabarrus County and that charge had been dismissed. We disagree.

North Carolina Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005).

Our Supreme Court stated Rule 404(b) is a:

rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but one exception *requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.* Thus, even though evidence may tend to show other crimes, wrongs, or acts by defendant and his propensity to commit them, it is admissible under Rule 404(b) so long as it also is relevant for some purpose other than to show that defendant has the propensity for the type of conduct for which he is being tried.

*State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990) (emphasis supplied) (citations and internal quotations omitted), *cert. denied,* —— N.C. ——, 421 S.E.2d 360 (1992).

"The use of evidence under Rule 404(b) is guided by two constraints: similarity and temporal proximity." *State v. Bidgood*, 144

N.C. App. 267, 271, 550 S.E.2d 198, 201 (internal quotations and citation omitted), *cert. denied,* 354 N.C. 222, 554 S.E.2d 647 (2001). Also, Rule 403 provides a balancing test and states, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." N.C. Gen. Stat. § 8C-1, Rule 403 (2005).

The similarity of the 404(b) evidence to the offense and the temporal proximity to the other incidents to the offense may reveal defendant's opportunity, plan, and intent to take advantage of H.B. After H.B. told defendant she was "burning" in her vaginal area, defendant took H.B. to a private bedroom and performed cunnilingus on her while her mother was not at home. The State's evidence also tended to show that following the first incident, defendant engaged in numerous other sexual acts with H.B. in the seclusion of his bedroom while her mother was outside or away from the home. These incidents occurred from the time H.B. was seven or eight years old until one year before the trial.

Presuming without deciding the Rule 404(b) evidence was improperly admitted, our standard of review becomes whether a reasonable possibility exists that the evidence, if excluded, would have altered the result of the trial. Our Supreme Court has stated, "[t]he burden is on the appellant not only to show error but also to show that there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial." *State v. Galloway,* 304 N.C. 485, 496, 284 S.E.2d 509, 516 (1981).

In light of defendant's admissions and other evidence admitted, defendant has failed to show in the absence of this evidence "a different result would have been reached at the trial." *Id.* This assignment of error is overruled.

### V. Aggravated Sentencing

[3] Defendant argues the trial court erred when it interpreted the law to require sentencing him in the aggravated range. Defendant contends the trial court failed to exercise its discretion and failed to weigh the aggravating and mitigating factors in applying the sentencing statute. We disagree.

In *Blakely v. Washington,* the United States Supreme Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum

must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. 296, 301, 159 L. Ed. 2d 403, 412 (2004).

The State obtained superseding indictments alleging one aggravating factor for each offense; i.e., that defendant "took advantage of a position of trust or confidence."

N.C. Gen. Stat. § 15A-1340.16 (2005) was amended after *Blakely*, and provides:

> The court shall consider evidence of aggravating or mitigating factors present in the offense that make an aggravated or mitigated sentence appropriate, but the decision to depart from the presumptive range is in the discretion of the court.
>
> . . . .
>
> If the jury, or with respect to an aggravating factor under G.S. 15A-1340.16(d)(18a), the court, finds that aggravating factors exist or the court finds that mitigating factors exist, the court may depart from the presumptive range of sentences specified in G.S. 15A-1340.17(c)(2). If aggravating factors are present and the court determines they are sufficient to outweigh any mitigating factors that are present, it may impose a sentence that is permitted by the aggravated range described in G.S. 15A-1340.17(c)(4). If the court finds that mitigating factors are present and are sufficient to outweigh any aggravating factors that are present, it may impose a sentence that is permitted by the mitigated range described in G.S. 15A-1340.17(c)(3).

The jury found the existence of the aggravating factor beyond a reasonable doubt for each offense. Defense counsel, the district attorney, and the trial court discussed at length the trial court's weighing of the aggravating and the two mitigating factors, in light of *Blakely*. *Id*. The State asked the trial court "to accredit the jury's verdict and find this aggravating factor and then weigh it as appropriate against any mitigating factors that may be appropriate and then set an appropriate sentence." Immediately before imposing the aggravated sentences, the trial court indicated it would deviate from the presumptive range. The court stated, "I'm not going to defeat what the jury said here so I'm going to do something."

Defendant has failed to show any abuse in the trial court's discretion to sentence him in the aggravating range after the jury found the aggravating factors to exist beyond a reasonable doubt. This assignment of error is overruled.

ENTERPRISE LEASING CO. v. WILLIAMS

[177 N.C. App. 64 (2006)]

## VI. Conclusion

Defendant failed to object or to move for a bill of particulars or for appropriate relief to preserve his assignment of error concerning the indictments for appellate review. The indictments alleged each essential element of each offense. The trial court did not err when it denied defendant's motion to exclude evidence under North Carolina Rules of Evidence, Rule 404(b).

The trial court did not err when it sentenced defendant in the aggravating range after the jury found aggravating factors to exist beyond a reasonable doubt. The sentence was proper notwithstanding the trial court also finding two mitigating factors to exist. Defendant received a fair trial free from errors he assigned and argued.

No error.

Judges McCULLOUGH and LEVINSON concur.