STATE OF NORTH CAROLINA v. ERIC MARSHALL HAMMETT

No. COA05-377-2

(Filed 20 March 2007)

**1. Sexual Offenses— victim's sexual history—questioning limited by Rape Shield Statute**

The trial court did not err in a multiple statutory sexual offense and multiple taking indecent liberties with a child case by excluding evidence that the charges were committed by another individual based on evidence that the victim slept in the same bed with a boyfriend around the same period of time that defendant was accused, because: (1) cross-examination concerning a victim's sexual history is limited by North Carolina's Rape Shield Statute under N.C.G.S. § 8C-1, Rule 412; and (2) the victim's denial of a sexual relationship with her boyfriend during an in camera hearing constituted the only evidence on this point, and thus there was no evidence of sexual activity of which the trial court was obligated to determine.

**2. Evidence— testimony regarding sexually explicit materials—plain error analysis**

The trial court did not commit plain error in a multiple statutory sexual offense and multiple taking indecent liberties with a child case by admitting the victim's testimony that defendant walked around his home naked, asked the victim about sexual positions illustrated in a book, and watched pornographic movies

with the victim, as well as testimony of the victim's friend saying that she believed the victim's claims against defendant were true, because the jury would not have reached a different verdict absent the challenged testimony when there was plenary evidence of defendant's guilt.

### 3. Indecent Liberties— motion to dismiss—sufficiency of evidence

The trial court did not err by failing to dismiss the indecent liberties charges in case numbers 03 CRS 8857 and 03 CRS 8861, because: (1) defendant's action in french kissing the victim constituted a lewd or lascivious act within the meaning of N.C.G.S. § 14-202.1(a)(2) and supported the indictment for 03 CRS 8857; and (2) substantial evidence was presented from which a jury could find that defendant's actions of masturbation while lying in the same bed as the victim and watching a pornographic movie were prohibited by N.C.G.S. § 14-202.1(a)(2), and therefore supported the indictment in 03 CRS 8861.

Appeal by defendant from judgment entered 11 February 2004 by Judge Stephen A. Balog in Cabarrus County Superior Court. Originally heard in the Court of Appeals 17 November 2005, and now on remand from the Supreme Court of North Carolina, opinion filed 15 December 2006, reversing this Court's opinion filed 7 February 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Kelly L. Sandling, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Daniel R. Pollitt, for defendant.*

LEVINSON, Judge.

Eric Marshall Hammett (defendant) appeals judgment entered 11 February 2004 upon his convictions of three counts of statutory sexual offense and seven counts of taking indecent liberties with a child. The relevant facts were recently articulated by our Supreme Court in *State v. Hammett*, 361 N.C. 92, 637 S.E.2d 518 (2006), and in this Court's prior opinion *State v. Hammett*, 175 N.C. App. 597, 625 S.E.2d 168 (2006). We find no error.

[1] In defendant's first remaining argument on appeal, he contends that the trial court erred by excluding evidence that the charges were

committed by another individual. Specifically, defendant argues that the trial court disallowed defendant from questioning the prosecuting witness regarding her sleeping in the same bed with a boyfriend around the same period of time that defendant was accused of conduct giving rise to the indictments. We disagree.

It is a well-established principle that an accused is assured of the right to cross-examine adverse witnesses. *State v. Newman*, 308 N.C. 231, 254, 302 S.E.2d 174, 187 (1983). However, cross-examination concerning a victim's sexual history is limited by North Carolina's Rape Shield Statute. *See* N.C. Gen. Stat. § 8C-1, Rule 412 (2005). Rule 412 provides, in pertinent part, that "the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior . . . [i]s evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant[.]"

> This statute was designed to protect the complainant from unnecessary humiliation and embarrassment while shielding the jury from unwanted prejudice that might result from admitting evidence of sexual conduct which has little relevance. Under procedures mandated by this statute, the proponent of such evidence . . . must first apply to the trial court for a determination of the relevance of the complainant's sexual behavior. The trial court is then required to conduct an in camera hearing . . . to consider the proponent's offer of proof and the argument of counsel . . . .

*State v. Black*, 111 N.C. App. 284, 289, 432 S.E.2d 710, 714 (1993) (internal quotation marks and citations omitted).

C.H. was the sole witness at the in camera hearing. The relevant portions of her examination are as follow:

[Defense Attorney]: And is it fair to—well, were you and [he] boyfriend and girlfriend. . . . ?

[C.H.]: Yes, sir.

[Defense Attorney]: About how long did that relationship last?

[C.H.]: Maybe three weeks, close to a month.

[Defense Attorney]: Did you ever sleep in the same bed as [him]?

[C.H.]: Yes, sir.

. . . .

[Defense Attorney]: About how many nights did you sleep in the same bed as [him]?

[C.H.]: Approximately every night.

. . . .

[Defense Attorney]: And did you all have a sexual relationship of any sort?

[C.H.]: No.

[Defense Attorney]: You hugged; is that fair to say?

[C.H.]: Uh-huh (yes).

[Defense Attorney]: Kissed each other; is that fair to say?

. . . .

[C.H.]: No.

[Defense Attorney]: Never—he never touched your private parts, you never touched his private parts?

[C.H.] No.

The above colloquy was the only evidence offered in support of defendant's assertion that sexual conduct between C.H. and another individual explained the physical findings, specifically "the medical evidence of penetration." Defendant's argument on appeal concerning the admissibility of the above evidence is controlled by *Black*. "Rule 412(d) contemplates that the party desiring to introduce evidence of a rape complainant's past sexual activity must offer some proof as to both the existence of such activities and the relevancy thereof. [Since C.H.'s denial of a sexual relationship] constituted the only evidence on this point, there was no evidence of sexual activity the relevance of which the trial court was obligated to determine." *Black*, 111 N.C. App. at 289-90, 432 S.E.2d at 714. We conclude that the trial court did not err by disallowing defendant's request to question C.H. regarding her relationship with her boyfriend. The relevant assignments of error are overruled.

[2] Defendant next contends that the trial court erred by admitting C.H.'s testimony that defendant: (1) walked around his home naked; (2) asked C.H. about sexual positions illustrated in a book; and (3) watched pornographic movies with C.H. In addition, defendant contends it was prejudicial error to admit the testimony of C.H.'s friend that she "believed" C.H.'s claims against defendant were true.

Defendant failed to properly preserve these issues for review. Under N.C.R. App. P. 10(b)(1), "to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." Defendant did not do so. However, because defendant's arguments concern the admission of evidence, we review for plain error. *See State v. Wolfe*, 157 N.C. App. 22, 33, 577 S.E.2d 655, 663 (2003) (plain error review available for errors in the admission of evidence and jury instructions).

"Plain error is applied only in extraordinary cases where, after reviewing the entire record, it can be said the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done." *State v. Barden*, 356 N.C. 316, 348, 572 S.E.2d 108, 130 (2002) (internal quotation marks and citations omitted). To establish plain error, a defendant must demonstrate "(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." *State v. Bishop*, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997).

Even assuming *arguendo* that the trial court erred by admitting the subject testimony into evidence, defendant is unable to demonstrate plain error. Here, there was plenary evidence of defendant's guilt. For example, C.H. testified that defendant forced her to watch explicit movies while defendant masturbated. C.H. also testified that defendant made her undress so that he could "measure[] the length of [her] private area." Defendant also took showers with C.H. and inserted his fingers into C.H.'s vagina and instructed her to wash his penis and "hold it like you would a hose." Defendant himself testified that he took naked showers with C.H. because "she had bad personal hygiene." And there was testimony of physical findings concerning C.H. We conclude that in the absence of the challenged evidence, the jury would not have reached a different result. *See State v. Anderson*, 177 N.C. App. 54, 61-62, 627 S.E.2d 501, 504-05, *disc. review denied*, 360 N.C. 578, 635 S.E.2d 899 (2006). The relevant assignments of error are overruled.

[3] In defendant's next argument, he contends that the trial court erred by failing to dismiss the charges in case numbers 03 CRS 8857 and 03 CRS 8861 because the State failed to present substantial evidence of indecent liberties. Specifically, defendant contends that there was insufficient evidence that (1) defendant's commission of, or

attempt to, "french kiss" C.H was a lewd or lascivious act; and (2) masturbating while laying in a bed with C.H. and watching a pornographic movie was an act committed "upon or with the body" of C.H.

Pursuant to a bill of particulars, the State alleged the following:

03 CRS 8857 charges the defendant with indecent liberties with a child. The State is unable to specify a more exact time than that provided in the indictment as to be amended (late January to early March 2003). The offense occurred in the residence shared by the defendant and the victim. The offense involved the defendant attempting to "french kiss" the victim.

03 CRS 8861 charges the defendant with indecent liberties with a child. The State is unable to specify a more exact time than that provided in the indictment as to be amended (late January to early March 2003). The offense occurred in the residence shared by the defendant and the victim. The offense involved the defendant having the victim watch a pornographic DVD with him, during which the defendant masturbated in the victim's presence.

When ruling on a motion to dismiss, "the trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996).

Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion. In considering a motion to dismiss, the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence. The trial court must also resolve any contradictions in the evidence in the State's favor. The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility.

*State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 255-56 (2002) (internal citations and quotation marks omitted).

N.C. Gen. Stat. § 14-202.1(a)(2) (2005) provides, in pertinent part, that:

A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either[]. . . [w]illfully commits or attempts to

commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

" 'Indecent liberties' are defined as 'such liberties as the common sense of society would regard as indecent and improper.' " *State v. Every*, 157 N.C. App. 200, 205, 578 S.E.2d 642, 647 (2003) (quoting *State v. McClees*, 108 N.C. App. 648, 653, 424 S.E.2d 687, 690 (1993)). "The uncorroborated testimony of the victim is sufficient to convict under N.C.G.S. § 14-202.1 if the testimony establishes all of the elements of the offense." *State v. Quarg*, 334 N.C. 92, 100, 431 S.E.2d 1, 5 (1993). This Court has defined the words "lewd" and "lascivious" according to their plain meaning in ordinary usage. *State v. Wilson*, 87 N.C. App. 399, 402, 361 S.E.2d 105, 108 (1987). Hence, "lewd" has been defined as " 'inciting to sensual desire or imagination' " while "lascivious" has been defined as " 'tending to arouse sexual desire.' " *Id.* (quoting Webster's Third New International Dictionary (1971)).

In the instant case, defendant's action in "french kissing" C.H constituted a lewd or lascivious act within the meaning of G.S. § 14-202.1(a)(2) and supported the indictment set forth in 03 CRS 8857. C.H. testified, in relevant part, that:

> [Defendant] told me that he realized I never kissed him good-night, and [said] "I want you to give me a kiss," so I raised and then I gave him a peck; and then he told me, he said, "No, kiss me like you love me." And I looked weird at him and then he grabbed me by the side of my face and I tried to pull back a little bit, and when he went to go kiss me, I felt his tongue hit my lip. I pulled back and my first reaction was I grabbed him by his jaw and I pressed down. He was moving his head from side to side trying to get out of it, but I wouldn't let go of him. I finally decided to let go and he [asked] me why did I do that and I said, "You tried to put your tongue in my mouth." He said, "No, I didn't." And I told him, "Yes, you did." And he said, "No, I didn't. I wouldn't do that to you." I said—I told him, I said, "Just forget it" and I walked out.

Our Supreme Court has previously articulated that a defendant's action in inserting his tongue into the mouth of his child in the act of kissing the child fell within the purview of conduct that is lewd or lascivious in accordance with G.S. § 14-202.1(a)(2). *State v. Banks*, 322 N.C. 753, 767, 370 S.E.2d 398, 407 (1988). In the instant case, the jury could find that defendant's actions in telling C.H. to "kiss me like you love me", while pulling C.H.'s face close to his

and "french kissing" her, tended to arouse sexual desire in defendant. Consequently, substantial evidence of a lewd or lascivious act was presented to the jury.

In addition, substantial evidence was presented from which a jury could find that defendant's actions of masturbation while lying in the same bed as C.H. and watching a pornographic movie were prohibited by G.S. § 14-202.1(a)(2), and therefore supported the indictment set forth in 03 CRS 8861. With respect to this indictment, defendant contends that, in order to be convicted under G.S. § 14-202.1(a)(2), the accused must physically touch the victim. We disagree.

C.H. testified that shortly after she moved in with defendant, he made her "uncomfortable" by watching pornographic videos in her presence. C.H. further testified that in one instance, defendant compelled her to watch a pornographic video with him while C.H. and defendant were lying in a bed together. During this time, defendant fast-forwarded the movie to certain areas where two men were having sex with one woman, or two women were having sex with each other. C.H. further testified that while the video was playing, defendant "put his hands on his private area and move[d] up and down and ma[d]e groaning noises."

Defendant's argument that these actions cannot constitute violations of G.S. § 14-202.1(a)(2) is controlled by this Court's opinion in *State v. Kistle*, 59 N.C. App. 724, 727, 297 S.E.2d 626, 628 (1982). In *Kistle*, this Court applied language in the former version of the Indecent Liberties statute that mirrors the version of the statute applicable to the instant case, specifically the "upon or with the body" language codified in subsection (a)(2). *Compare* N.C. Gen. Stat. § 14-202.1(a)(1) (1981), with G.S. § 14-202.1(a)(1) (2005). In *Kistle*, the defendant took sexually suggestive photographs of children. This Court held that "a violation of N.C. Gen. Stat. §14-202.1 does not require any sexual contact with the child's body." *Kistle*, 59 N.C. App. at 727, 297 S.E.2d at 628. Likewise, the conduct supporting the indictment in 03 CRS 8861, masturbating in the presence of C.H., also falls under the rubric of an activity covered by G.S. § 14-202.1(a)(2).

We have evaluated defendant's remaining arguments on appeal and conclude that they are without merit.

No error.

Judges TYSON and STROUD concur.