IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-221

Filed 7 November 2023

Union County, No. 22 JT 129

IN THE MATTER OF: N.J.R.C.

Appeal by Respondent-Father from order entered 1 December 2022 by Judge William Helms, III, in Union County District Court. Heard in the Court of Appeals 3 October 2023.

*Jeffrey William Gillette for Respondent-Appellant Father.*

*No brief filed for Petitioner-Appellee Mother.*

GRIFFIN, Judge.

Father appeals from the trial court's order terminating his parental rights to Nathan.[1] Father contends the trial court erred in determining grounds existed to terminate his parental rights under N.C. Gen. Stat. § 7B-1111(a)(4), (5), and (11). Specifically, Father argues there was insufficient evidence to support a termination under section 7B-1111(a)(4) and (5), and that neither ground was pled in the petition, thus leaving him without reasonable notice of what would be contested. Further, Father argues there was insufficient evidence to support a termination under section 7B-1111(a)(11) because he was not convicted of a sexually related offense. We hold

---

[1] We use a pseudonym for ease of reading and to protect the identity of the juvenile. *See* N.C. R. App. P. 42(b).

the trial court did not commit error.

## I.    Factual and Procedural Background

In or around January 2019, Father and Mother were twenty-one and fifteen years old, respectively.  The couple engaged in sexual relations through which they conceived a child, Nathan, who was born 17 October 2020.  As a result of his relations with Mother, Father was convicted, on 16 October 2020, of taking indecent liberties with a child.  On 28 June 2022, Mother filed a petition alleging there existed facts sufficient to warrant a determination that Father's parental rights should be terminated, including:

> a.    [Father] has not provided any financial support or care to the minor child and has neglected the minor child.
>
> b.    [Father] has been convicted of a sexually related offense under Chapter 14 of the General Statutes that resulted in the conception of the minor child.

The petition came on for hearing in Union County District Court on 17 November 2022.  On 1 December 2022, the trial court entered an order terminating Father's parental rights after finding clear, cogent, and convincing evidence to support grounds for termination under N.C. Gen. Stat. § 7B-1111(a)(4), (a)(5), and (a)(11) and that termination would be in Nathan's best interest.  On 3 January 2023, Father timely filed a notice of appeal.

## II.    Standard of Review

Termination of parental rights proceedings are conducted in two phases—an

adjudicatory phase and a dispositional phase. *In re I.E.M.*, 379 N.C. 221, 223, 864 S.E.2d 346, 348 (2021). "At the adjudicatory phase, the trial court determines whether any of the statutory grounds for terminating a parent's parental rights delineated in N.C.G.S. § 7B-1111 exist, . . . with the petitioner being required to prove the existence of any applicable ground for termination by clear, cogent, and convincing evidence." *Id.* (citation omitted). Where the trial court determines there exists grounds for termination, the case will move to the dispositional phase where "the court shall determine whether terminating the parent's rights is in the juvenile's best interest." N.C. Gen. Stat. § 7B-1110(a) (2021). Upon the conclusion of these proceedings, the trial court shall enter an order as to the termination of parental rights. *See id.*

Where such an order is on appeal before this Court with the respondent specifically challenging the court's adjudication decision, we must review the decision to determine "whether the findings of fact are supported by clear, cogent and convincing evidence and whether [the] findings, in turn, support the conclusions of law." *In re Shepard*, 162 N.C. App. 215, 221, 591 S.E.2d 1, 5 (2004) (citations and quotation marks omitted). Further, we review the trial court's conclusions of law de novo. *In re A.S.T.*, 375 N.C. 547, 556, 850 S.E.2d 276, 282 (2020) (citations omitted).

### III. Analysis

Father contends the trial court erred in concluding grounds existed to

terminate his parental rights under N.C. Gen. Stat. § 7B-1111(a)(4), (5) and (11).[2]

Father argues the trial court erred in its conclusion as the crime for which he was

convicted, taking indecent liberties with children under N.C. Gen. Stat. § 14-202.1, is

not a sexually related offense because it does not require a sexual act.  We disagree.

Under our North Carolina General Statutes, section 7B-1111(a)(11), the trial

court may terminate a parent's rights upon finding "[t]he parent has been convicted

of a sexually related offense under Chapter 14 of the General Statutes that resulted

in the conception of the juvenile."  N.C. Gen. Stat. § 7B-1111(a)(11) (2021).  Chapter

14, section 202.1, defines the crime of taking indecent liberties with children stating,

in relevant part:

> (a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
>
>> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
>>
>> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1(a)(1), (a)(2) (2021).  We recognize this statute, by its plain

---

[2] We recognize "an adjudication of any single ground for terminating a parent's rights under [section 7B-1111(a)] will suffice to support a termination order." *In re J.S.*, 374 N.C. 811, 815, 845 S.E.2d 66, 71 (2020) (citations omitted).  Therefore, where we hold the trial court did not err in terminating Father's parental rights under section 7B-1111(a)(11), we need not address Father's contentions regarding § 7B-1111(a)(4) or (a)(5).

language, criminalizes certain actions which are not explicitly required to be sexual acts. Moreover, we note this Court has previously stated "[a] lewd or lascivious act constituting an indecent liberty need not include [a] sexual act[.]" *State v. Manley*, 95 N.C. App. 213, 216, 381 S.E.2d 900, 902 (1989) (citation and internal marks omitted).

Nevertheless, Father's argument is misplaced. Section 7B-1111(a)(11) does not require a respondent to be convicted of a sexual act or offense, but only of a "sexually *related* offense." *See* N.C. Gen. Stat. § 7B-1111(a)(11) (emphasis added). While neither our Juvenile Code nor our General Statutes specifically state what constitutes a "sexually related offense" as referenced in section 7B-1111(a)(11), Black's Law Dictionary defines "Related" as "[c]onnected in some way; having relationship to or with something else." *Related*, *Black's Law Dictionary* (11th ed. 2019). It is clear section 7B-1111(a)(11) was intentionally drafted in a manner broad enough to encompass not only acts and offenses which may explicitly involve sex, but also offenses associated with sex or that have some sexual component.

A conviction of indecent liberties with children pursuant to N.C. Gen. Stat. § 14-202.1 certainly constitutes a conviction of a "sexually related offense" under section 7B-1111(a)(11) as the crime unequivocally contains a sexual component. Most notably, section 14-202.1(a)(1) requires an act or attempted act to be taken "for the purpose of arousing or gratifying *sexual* desire." N.C. Gen. Stat. § 14-202.1(a)(1) (emphasis added). Similarly, a "lewd or lascivious act," as referenced in section 14-

202.1(a)(2), is defined as an act which is "obscene or indecent; tending to moral impurity or wantonness." *Lewd*, *Black's Law Dictionary* (11th ed. 2019). Although section 14-202.1(a)(2) does not explicitly contain language of a sexual nature, our Courts have repeatedly recognized, without distinguishing between the alternative subparts of section 14-202.1, "[t]he offense of taking indecent liberties with children requires proof that the crime be willful and that it be for the purpose of arousing or gratifying sexual desire." *State v. Williams*, 303 N.C. 507, 514, 279 S.E.2d 592, 596 (1981) (internal marks omitted); *see also State v. Elam*, 302 N.C. 157, 162, 273 S.E.2d 661, 663 (1981) ("[N.C. Gen. Stat. § 14-202.1] clearly prohibits sexual conduct with a minor child."); *State v. Wilson*, 87 N.C. App. 399, 402, 361 S.E.2d 105, 108 (1987); S*tate v. Moir*, 369 N.C. 370, 386, 794 S.E.2d 685, 696 (2016). Additionally, our General Statutes indicate indecent liberties with children, per N.C. Gen. Stat. § 14-202.1, is a sexually related offense. Specifically, N.C. Gen. Stat. § 208.6(5), defines "Sexually violent offense[s]" to include, among other offenses, taking indecent liberties with children, specifically citing N.C. Gen. Stat. § 14-202.1. *See* N.C. Gen. Stat. § 208.6(5) (2021).

Here, Father concedes he and Mother engaged in sexual relations around January 2019 while he was twenty-one and she was fifteen years old; that those relations resulted in the birth of their child Nathan; and that he was convicted of taking indecent liberties with a child. Further, the "Related" language provided in the statute, together with our Courts' precedent, indicates the offense of taking

indecent liberties with children under N.C. Gen. Stat. § 14-202.1 constitutes a sexually related offense within the meaning of N.C. Gen. Stat. § 7B-1111(a)(11).

Because Father was convicted of taking indecent liberties with children under N.C. Gen. Stat. § 14-202.1—a sexually related offense—and because the relations which resulted in the conception of Nathan also led to Father's conviction under Chapter 14, the trial court did not err in finding grounds for termination of Father's parental rights under N.C. Gen. Stat. § 7B-1111(a)(11).

## IV.  Conclusion

For the aforementioned reasons, we hold the trial court did not err in terminating Father's parental rights.

AFFIRMED.

Judges COLLINS and THOMPSON concur.