STATE OF NORTH CAROLINA v. WILLIAM GLENN BRUCE

No. 8827SC51

(Filed 21 June 1988)

1. **Rape and Allied Offenses § 5— sexual act by substitute parent—fatal variance between indictment and evidence**

   Defendant's conviction for engaging in a sexual act by a substitute parent was reversed where defendant was charged with engaging in vaginal intercourse with a minor over whom he had assumed the position of a parent in the home, and, while the evidence presented would have supported engaging in the sexual act of fellatio, the evidence failed to show vaginal intercourse. N.C.G.S. § 14-27.7.

2. **Rape and Allied Offenses § 19— taking indecent liberties—purpose of arousing or gratifying sexual desire—evidence sufficient**

   The trial court did not err in a prosecution for taking indecent liberties with a minor by denying defendant's motion to dismiss where the jury could properly infer that defendant's action in rubbing the victim's breasts was for the purpose of arousing or gratifying his sexual desire.

3. **Rape and Allied Offenses § 19— taking indecent liberties—instructions—no plain error**

   There was no plain error in a prosecution for taking indecent liberties with a minor from the court's alleged failure to specify to the jury which of defendant's alleged acts was to support the indecent liberties conviction and the date the act occurred where the court indicated that the date of the alleged taking of indecent liberties with a minor child was the date shown on the indictment; the indictment clearly stated that 12 February 1986 was the date of the alleged offense; defendant failed to object at trial; and the asserted error would not have had a probable impact on the jury's finding of guilt.

4. **Criminal Law § 92.2— consolidation of rape and sexual offense charges on one date with taking indecent liberties charge on another date—proper**

   The trial court did not err in a prosecution for sexual activity by a substitute parent, first degree sexual offense, first degree rape, and taking indecent liberties with a child by denying defendant's motion to sever the indecent liberties charge, even though it was based upon acts that allegedly occurred more than six months after the alleged acts underlying the other charges, where all four charges involved acts of sexual abuse by defendant upon the same victim in the same location, each of the alleged acts occurred when defendant was alone with the victim in the mobile home, and public policy favors consolidation of cases involving child witnesses testifying about sexual abuse.

APPEAL by defendant from *Gaines (Robert E.), Judge.* Judgments entered 12 August 1987 in Superior Court, GASTON County. Heard in the Court of Appeals 31 May 1988.

Defendant was charged by indictment with sexual activity, vaginal intercourse, by a substitute parent in violation of G.S. 14-27.7, first degree sexual offense in violation of G.S. 14-27.4(a)(1), first degree rape in violation of G.S. 14-27.2(a)(1), and taking indecent liberties with a child in violation of G.S. 14-202.1. All of the offenses were alleged to have occurred on 21 June 1985 except for the indecent liberties offense, which was alleged to have occurred on 12 February 1986. Prior to trial, defendant moved for a severance of the indecent liberties offense; this motion was denied by the trial court. Defendant also requested a bill of particulars as to the exact acts alleged to be the basis of the indecent liberties offense and the first degree sexual offense. The State informed defendant that the allegation as to acts occurring on 21 June 1985 was that defendant performed acts of fellatio, sodomy, first-degree rape, and vaginal intercourse on the victim. The State informed defendant that the basis for the indecent liberties offense was the allegation that on 12 February 1986 defendant fondled the victim's breasts.

At the close of the State's evidence, defendant moved to dismiss each of the charges against him. The court allowed the motion as to the charge of first degree rape, but agreed that the State was entitled to an instruction on attempted first degree rape based on the evidence. The court denied defendant's motions as to the other charges. Defendant renewed his motions at the close of all the evidence, and the court again denied the motions.

In the charge to the jury, the trial judge instructed that the sexual act on which the first degree sexual offense was based was fellatio and that fellatio was the sexual act underlying the charge of sexual activity by a substitute parent. The court also instructed the jury on attempted rape and indecent liberties.

After deliberation, the jury found defendant guilty of sexual activity by a substitute parent, first degree sexual offense, attempted first degree rape, and taking indecent liberties with a child. After finding the applicable aggravating and mitigating factors, the court sentenced defendant to life imprisonment for the first degree sexual offense and to lesser concurrent sentences for the other offenses. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy At-torney General Daniel C. Oakley, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appel-lant.*

PARKER, Judge.

On appeal, defendant raises three questions for review by this Court: (i) whether the trial judge erred in denying defendant's motion to dismiss the charge of felonious sexual ac-tivity by a substitute parent; (ii) whether the trial judge erred in denying defendant's motion to dismiss the charge of taking inde-cent liberties with a child; and (iii) whether the trial judge erred in denying defendant's motion to sever for trial the indecent liber-ties offense. We shall address these issues seriatim.

[1] In his first argument, defendant contends that the trial court erred in denying his motion to dismiss the charge of sexual acts by a substitute parent because there was a fatal variance be-tween the underlying offense specified in the indictment and the sexual activity proved at trial. We agree with this contention.

General Statute 14-27.7 provides the following in relevant part:

> If a defendant who has assumed the position of a parent in the home of a minor victim engages in vaginal intercourse or a sexual act with a victim who is a minor residing in the home . . . the defendant is guilty of a Class G felony.

The indictment charging defendant with violation of G.S. 14-27.7 indicated that the charge was based on defendant's having engaged in vaginal intercourse with the victim. At trial, the State's evidence tended to show attempted rape, attempted anal intercourse, and fellatio; the State failed to present any evidence of vaginal penetration. As a result, the trial judge granted de-fendant's motion to dismiss the first degree rape charge at the close of the State's evidence. The judge refused, however, to dismiss the charge based on G.S. 14-27.7, and, in his charge to the jury, the judge instructed that the offense of engaging in a sexual act by a substitute parent in this case was based on the sexual act of fellatio.

While a conviction for the offense defined by G.S. 14-27.7 may be based upon either vaginal intercourse or a sexual act, and while fellatio is a "sexual act" within the definition of that term in G.S. 14-27.1(4), the rule is that a defendant must be convicted, if he is convicted at all, of the particular offense with which he has been charged in the bill of indictment. *State v. Muskelly*, 6 N.C. App. 174, 176, 169 S.E. 2d 530, 532 (1969). Where the evidence tends to show the commission of an offense not charged in the indictment, the defendant's conviction thereof cannot stand. *State v. Williams*, 303 N.C. 507, 279 S.E. 2d 592 (1981).

This Court addressed similar facts in *State v. Loudner*, 77 N.C. App. 453, 335 S.E. 2d 78 (1985). In *Loudner*, the indictment charging defendant with a violation of G.S. 14-27.7 specifically stated that the sexual act was " 'performing oral sex.' " *Id.* at 453, 335 S.E. 2d at 79. In its answer to defendant's request for a bill of particulars, the State specified that the sexual acts allegedly committed by defendant were " 'physical touching and oral sex.' " *Id.* at 454, 335 S.E. 2d at 79. At trial, the State's evidence tended to show that defendant placed his finger in the victim's vagina. *Id.* at 453, 335 S.E. 2d at 79. Because there was no evidence presented showing that defendant performed oral sex with the victim as charged and because "physical touching" is not a prohibited sexual act within the definition of G.S. 14-27.1(4), this Court held that the trial court erred in denying defendant's motion for a directed verdict. *Id.*

In the case before us, defendant was charged with engaging in vaginal intercourse with a minor over whom he had assumed the position of a parent in the home. The State's evidence failed to show an essential element of that offense, vaginal intercourse. While the evidence presented would support the trial court's charge of engaging in the sexual act of fellatio with a minor over whom defendant had assumed the position of a parent in the home, defendant was never charged with that offense. For these reasons, we reverse defendant's conviction for engaging in a sexual act by a substitute parent.

[2] Defendant next contends that the trial court erred in denying his motion to dismiss the indecent liberties charge. Specifically, defendant argues that the State failed to show that defendant acted " 'for the purpose of arousing or gratifying sexual desire' "

as required by G.S. 14-202.1(a)(1). Defendant also argues that the court below erred in failing to specify to the jury which of defendant's alleged acts was to support the indecent liberties conviction and the date the act occurred. We disagree with these contentions.

General Statute 14-202.1(a)(1) provides the following:

> (a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire . . . .

At trial, the victim testified that she and defendant were alone in the family's mobile home on the afternoon of 12 February 1986 when she and defendant "started picking at each other . . . just playing." The victim stated, "[defendant] went up and under my blouse and he was—he started rubbing me." The victim also testified that before she and defendant went into the bedroom, defendant went into the kitchen and locked the back screen door. She stated that defendant stopped rubbing her when her brother attempted to enter the locked back door.

From this evidence, the jury could properly infer that defendant's action in rubbing the victim's breasts was for the purpose of arousing or gratifying his sexual desire. *See State v. Etheridge*, 319 N.C. 34, 352 S.E. 2d 673 (1987); *State v. Strickland*, 77 N.C. App. 454, 335 S.E. 2d 74 (1985).

[3] As to defendant's second argument, we first note that defendant failed to object to that which he now assigns as error. As such, in the absence of plain error, which is not argued in defendant's brief, defendant may not now assign error to an error or omission in the jury charge. N.C. Rule App. Proc. 10(b)(2). *See State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). In his instruction to the jury, the trial judge indicated that the date of the alleged taking of indecent liberties with a minor child was the date shown on the indictment; the indictment clearly stated that 12 February 1986 was the date of the alleged offense. Considering the entire record, we are of the opinion the asserted error in the

instruction would not have had a probable impact on the jury's finding of guilt. *See id.* at 661, 300 S.E. 2d at 378-79.

[4] Defendant's final contention is that the trial court erred in denying his motion to sever for separate trial the charge of indecent liberties based on events that allegedly took place on 12 February 1986. This contention is without merit.

General Statute 15A-926(a) provides the following in part:

Two or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan.

A trial court's ruling on consolidation or severance of cases is discretionary and will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Hayes*, 314 N.C. 460, 471, 334 S.E. 2d 741, 747 (1985). "A trial court may be reversed for an abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *Id.*

In the present case, all four charges involve acts of sexual abuse by defendant upon the same victim in the same location, the bedroom of the mobile home shared by defendant and the victim's mother. Each of the alleged acts occurred when defendant was alone with the victim in the mobile home. Under these facts, we cannot say that the trial judge abused his discretion in refusing to sever for separate trial the indecent liberties case, even though it was based upon acts that allegedly occurred more than six months after the alleged acts underlying the remaining three charges. Moreover, where trials involve child witnesses testifying about sexual abuse, public policy favors consolidation of cases because it avoids the necessity of having the child testify more than once. *State v. Jenkins*, 83 N.C. App. 616, 618, 351 S.E. 2d 299, 301 (1986), *cert. denied*, 319 N.C. 675, 356 S.E. 2d 791 (1987).

Therefore, for the reasons stated, we reverse the trial court's judgment as to the crime of engaging in a sexual act by a substitute parent; as to the remainder of the convictions, we find no error.

86CRS27515, no error.

86CRS27516, no error.

87CRS6459, reversed.

87CRS6460, no error.

Judges JOHNSON and COZORT concur.