STATE v. STANFORD

[169 N.C. App. 214 (2005)]

———————

STATE OF NORTH CAROLINA v. JERRY STANFORD

No. COA04-637

(Filed 15 March 2005)

**1. Constitutional Law— right to speedy trial—pre-indictment delay**

The trial court did not err in a second-degree sexual offense, second-degree rape, and taking indecent liberties with a minor case by denying defendant's motion to dismiss the charges based on the fifteen-year delay that the victim took in reporting the incidents prior to the indictment being issued, because: (1) defendant's Sixth Amendment right to a speedy trial is not implicated until he becomes accused of a crime, which in this case came on the day he was indicted; (2) the State cannot delay indictment of an offense it knew nothing about; and (3) the State has no statute of limitations on the crimes of rape, sex offense, or indecent liberties.

**2. Indecent Liberties— motion to dismiss—sufficiency of evidence**

The trial court erred by denying defendant's motion to dismiss the charge of indecent liberties, because: (1) there was no substantial evidence during the pertinent time period that defendant brushed against the breast of his niece for the purpose of

arousing sexual desire, and the evidence suggested nothing more than an accidental encounter; and (2) the State's evidence supporting the other sexual offense charges occurred months after this incident, and there was no evidence suggesting that the later incidents were even similar to the first to allow a reasonable inference that defendant had the same purpose.

Appeal by defendant from judgment entered 21 November 2003 by Judge Christopher M. Collier in Davidson County Superior Court. Heard in the Court of Appeals 8 December 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Sonya M. Calloway, for the State.*

*Paul F. Herzog for Defendant-Appellant.*

ELMORE, Judge.

Jerry Stanford (defendant) appeals his convictions for sexual offense in the second degree, rape in the second degree, and taking indecent liberties with a minor on the basis that 1) the delay prior to indictment violated his due process rights and 2) there was insufficient evidence to support the charge of indecent liberties. We affirm the trial court's denial of defendant's motion to dismiss for pre-indictment delay, but reverse the denial of defendant's motion to dismiss the indecent liberties charge.

[1] The offenses defendant was convicted for occurred in the months of March, May, July, and September of 1987. The victim of defendant's abuse is his niece, who at the time of trial was thirty-two years old; at the time of the incidents she was thirteen and fourteen years old. Despite her telling a few family members and close friends about defendant's interactions with her previously, she did not file a report against defendant until approximately 5 September 2002, some 15 years after the incidents took place. On 14 October 2002, within just over one month of receiving the complaint from the victim, defendant was indicted for the alleged sex crimes against his niece. Defendant contends that the extensive delay between the incidents of the sex crimes and his indictment for those offenses violated his due process rights. We disagree.

It is well settled that defendant's Sixth Amendment right to a speedy trial is not implicated until he becomes accused of a crime, which in this case came on the day he was indicted. *See State v. Gallagher*, 313 N.C. 132, 136, 326 S.E.2d 873, 877 (1985) (citing *United*

*States v. Marion,* 404 U.S. 307, 30 L. Ed. 2d 468 (1971)). But defendant is entitled to a limited measure of due process in the time prior to his indictment. *Id.* (citing *United States v. Lovasco,* 431 U.S. 783, 52 L. Ed. 2d 752, *reh'g. denied,* 434 U.S. 881, 54 L. Ed. 2d 164 (1977)). In order to obtain a ruling that pre-indictment delay violated his due process rights, defendant must show "actual prejudice in the conduct of his defense and that the delay was unreasonable, unjustified, and engaged in for the impermissible purpose of gaining a tactical advantage over the defendant." *State v. Jones,* 98 N.C. App. 342, 344, 391 S.E.2d 52, 54 (1990).

Yet, we need not reach the issue of whether defendant has adequately shown prejudice since it was not the State that delayed its indictment of him; defendant argues the fifteen year delay that *the victim* took in reporting the incidents violates his due process rights. But he cites no case that would allow the period of time between a violation of law the State knew nothing about and its subsequent report to the police to be a delay on behalf of the State. It is inconceivable that the State could delay indictment of an offense it knew nothing about. *See, e.g., Gallagher,* 313 N.C. at 136, 326 S.E.2d at 877 (complaining witness's five year delay in coming forward was not prejudicial).

The gravamen of defendant's argument is that this case is too stale to prosecute. He argues that the limited pre-indictment due process protection is similar in application to a statute of limitations. To the extent that this argument has any merit, it is undercut by the fact that this State has no statute of limitations on the crimes of rape, sex offense, or indecent liberties. *See State v. McKinney,* 110 N.C. App. 365, 371-72, 430 S.E.2d 300, 304 (1993); *State v. Swann,* 322 N.C. 666, 672, 370 S.E.2d 533, 536 (1988). Whether we should have one is a question for our General Assembly, not for this Court. And, to judicially carve out a time period in which a felony becomes too stale to prosecute, under the guise of due process, is an act of construction we choose not to engage in.

[2] Defendant also argues that the evidence supporting his indecent liberty charge was insufficient as a matter of law. We agree.

Where a defendant moves to dismiss charges brought under N.C. Gen. Stat. § 14-202.1(a)(1), the State must present substantial evidence of the following elements: (1) the defendant was at least 16 years of age, (2) he was five years older than his victim, (3) he willfully took or attempted to take an indecent liberty with the

victim, (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.

*State v. Brown*, 162 N.C. App. 333, 336, 590 S.E.2d 433, 436 (2004) (quoting *State v. Rhodes*, 321 N.C. 102, 104-05, 361 S.E.2d 578, 580 (1987)).

According to the indictment, defendant was charged with taking an indecent liberty with his niece during the month of March 1987. At trial, the evidence pertaining to this time period, and reviewed in the light most favorable to the State, consisted of defendant's hand "brush[ing] against" the victim's breast. This incident occurred when no one else was in the home and while the two were smoking marijuana that defendant had provided. Defendant had come over to his niece's house to babysit her and tutor her in math. By the victim's testimony, she asked defendant what he was doing in brushing against her, and he apologized for the contact. She stated that defendant's hand was in contact with her breasts very briefly, only a couple of seconds.

Similar to our decision in *Brown*, we cannot find substantial evidence that defendant brushed against his niece for the purpose of arousing sexual desire. *Id.* at 337-38, 590 S.E.2d at 436-37; *State v. Hartness*, 326 N.C. 561, 567, 391 S.E.2d 177, 180 (1990) ("Defendant's purpose for committing such act is the gravamen of this offense . . . ."). To the contrary, the evidence suggests nothing more than an accidental encounter.

The State relies on our decision in *State v. Bruce*, 90 N.C. App. 547, 551, 369 S.E.2d 95, 98 (1988), to support its argument that sufficient evidence of purpose was presented. However, in *Bruce*, defendant reached under the victim's blouse while they were playing around and "rubbed" her breast. Further, he locked the door to the house before proceeding to the bedroom with the child, and stopped what he was doing when someone came to the door. That level of evidence is not present in this case. Here, defendant was in the house babysitting, and his hand very briefly brushed his niece's breast, over her clothing. The added fact that the two were smoking marijuana does nothing but foster mere speculation that would otherwise seem an accident might be for some purpose of arousal; no evidence was presented that defendant gave his niece drugs for a sexually deviant purpose. *Brown*, 162 N.C. App. at 338, 590 S.E.2d at 436-37 (if evi-

dence is sufficient only to raise suspicion, speculation, or conjecture that defendant committed an act of indecent liberties, then a dismissal is proper) (citing *State v. Malloy*, 309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983)).

The State further argues that the jury should be allowed to infer defendant's arousal because he was also tried and convicted for counts of sexual offense and rape. Indeed, defendant was charged, convicted, and does not appeal from five counts of second-degree sexual offense and two counts of second-degree rape that were consolidated and tried with his charge for indecent liberties. Defendant had intercourse with his niece on two distinct occasions and also engaged in fellatio and cunnilingus on other occasions. But the State's evidence supporting these charges occurred at times other than when defendant brushed against the breast of his niece. In fact, the other incidents occurred months *after* this incident. Thus, the State's reliance on cases such as *State v. Hewett*, 93 N.C. App. 1, 376 S.E.2d 467 (1989), is misplaced, since those cases hold that a single specific incident of sexual offense or rape may also be sufficient for an indecent liberties charge. The cumulative evidence presented at trial did sufficiently show defendant acted with a purpose of arousing sexual desire while committing the *other* incidents of sexual offense and rape. But without any evidence suggesting that the later incidents were even similar to the first, to infer that because defendant acted with a certain purpose a month or so later then he must have had the same purpose when he brushed against the victim still remains speculation; it is not a reasonable inference borne out of the evidence.

As such we reverse the trial court's denial of defendant's motion to dismiss the indecent liberty charge and vacate the judgment entered upon the charge.[1] However, there was no pre-indictment delay affecting any of the remaining convictions against defendant.

No error in part; reversed in part.

Judges McCULLOUGH and LEVINSON concur.

---

1. According to the record, the judgment against defendant for the indecent liberties charge, 02 CRS 059762, was never signed by the trial court. We do not address this issue since we are reversing the conviction.