STATE OF NORTH CAROLINA, PLAINTIFF v. GLENN JUNIOR MARTIN, DEFENDANT

No. COA08-687

(Filed 20 January 2009)

**1. Constitutional Law— effective assistance of counsel—failure to move to dismiss at trial—pretrial delay—no delay by State**

Defendant did not have ineffective assistance of counsel in a prosecution for indecent liberties and using a minor for obscenity where his trial attorney did not move to dismiss for pretrial delay and the issue was not preserved for appeal. By defendant's own recitation of facts, law enforcement was not informed of certain photographs until 2007 and defendant was indicted in 2007. Defendant must show that the delay was intentional by the State; neither the child's adoptive mother nor DSS are law enforcement

agencies, neither do they prosecute criminal cases, and they are not the State for purposes of delayed prosecution.

## 2. Indecent Liberties— photograph and touching—evidence sufficient

There was sufficient evidence to submit to the jury charges of indecent liberties and using a minor for obscenity based on a photograph and an incident in a shower.

## 3. Constitutional Law— effective assistance of counsel—failure to object at trial—double jeopardy—indecent liberties and using minor for obscenity—differing elements

Defendant did not receive ineffective assistance of counsel where he did not object at trial on double jeopardy grounds to convictions for indecent liberties and using a minor for obscenity based on the same photograph. Other than the involvement of a minor, the elements of the two crimes are not the same and there was no double jeopardy violation.

Appeal by defendant from judgments entered on or about 28 February 2008 by Judge Benjamin G. Alford in Superior Court, Wayne County. Heard in the Court of Appeals 20 November 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Sonya M. Calloway-Durham, for the State.*

*Daniel F. Read, for defendant-appellant.*

STROUD, Judge.

Defendant appeals his conviction of two counts of indecent liberties with a child and using a minor in obscenity. For the following reasons, we find no error.

## I. Background

The State's evidence tended to show the following: In September of 2000, Jane,[1] about seven years old, went to live with Lisa Marie Mathias ("Ms. Mathias"). Defendant is Jane's father and Ms. Mathias' uncle. Defendant went to prison on a conviction unrelated to the charges which are the subject of this appeal. While defendant was in prison, his residence was repossessed and cleaned out for remodeling. Ms. Mathias' father found photographs taped to the bottom of a drawer and in a box when he was cleaning out defendant's residence.

---

1. A pseudonym will be used to protect the identity of the minor child.

Ms. Mathias later viewed the photographs and deemed some of them to be inappropriate. Ms. Mathias made copies of some of the photographs and gave the originals to Ms. Allen, a social worker.

In 2002, the parental rights of defendant and Jane's mother were terminated. In 2005, Ms. Mathias and her husband adopted Jane. In 2007, Ms. Mathias and her husband angrily contacted the Wayne County Sheriff's Office ("sheriff's office") regarding the photographs to find out why no charges had been brought against defendant; however, Tammy Odom, with the sheriff's office, informed them that the sheriff's office "had never received a report from the Department of Social Services or anybody else concerning this matter."

On or about 1 October 2007, defendant was indicted for three counts of indecent liberties with a child, three counts of committing a lewd and lascivious act with a child, and three counts of using a minor in obscenity. At trial, Jane testified regarding an incident when she was about six years old and her father told her to touch his penis in the shower. A jury found defendant guilty of two counts of indecent liberties with a child and one count of using a minor in obscenity. Defendant appeals, arguing the trial court erred in (1) failing to dismiss the charges due to a long pre-indictment delay which resulted in a denial of due process, (2) denying defendant's motion to dismiss as there was insufficient evidence, and (3) failing to dismiss one of two charges which were based on the same photograph and violated defendant's right to be free from double jeopardy. As to his first and third arguments defendant also claims ineffective assistance of counsel for his attorney's failure to raise these issues at trial. For the following reasons, we find no error.

## II. Pre-indictment Delay

### A. Failure to Preserve for Appeal

Defendant first contends that "the trial court should have dismissed the charges, as the long pre-indictment delay resulted in a denial of due process to defendant and prejudiced him in the defense of the case, and it was ineffective assistance of counsel to fail to move to dismiss on this ground." Defendant has failed to properly preserve this issue for appeal as he made no such "request, objection or motion" before the trial court. N.C.R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if

the specific grounds were not apparent from the context.); *State v. Wiley*, 355 N.C. 592, 615, 565 S.E.2d 22, 39 (2002) (citations omitted) ("It is well settled that an error, even one of constitutional magnitude, that defendant does not bring to the trial court's attention is waived and will not be considered on appeal."), *cert. denied*, 537 U.S. 1117, 154 L. Ed. 2d 795 (2003). Furthermore, though defendant alludes to a review under plain error, it is not applicable to this issue. *Wiley* at 615, 565 S.E.2d at 39-40 (citations omitted) ("[P]lain error analysis applies only to jury instructions and evidentiary matters[.]")

B. Ineffective Assistance of Counsel

**[1]** Defendant also alleges ineffective assistance of counsel as his trial attorney did not make a motion to dismiss the case based on the alleged pre-indictment delay.

> To successfully assert an ineffective assistance of counsel claim, defendant must satisfy a two-prong test. First, he must show that counsel's performance fell below an objective standard of reasonableness. Second, once defendant satisfies the first prong, he must show that the error committed was so serious that a reasonable probability exists that the trial result would have been different absent the error.

*State v. Blakeney*, 352 N.C. 287, 307-08, 531 S.E.2d 799, 814-15 (2000) (citations omitted), *cert. denied*, 531 U.S. 1117, 148 L. Ed. 2d 780 (2001). Thus, in order to consider whether defendant's "counsel's performance fell below an objective standard of reasonableness[,]" or whether "a reasonable probability exists that the trial result would have been different absent the error[,]" *see id.*, we must consider the merits of defendant's issue.

Defendant's brief reads,

> It was uncontradicted that the photographs were in the possession of DSS in 2001 and that they were used as part of the termination of parental rights process. It was uncontradicted that although DSS had them and were expected to turn a report in to law enforcement, nothing happened other than a few phone calls from Lisa Matthias [sic] to DSS (claimed by her to be numerous) until 2007, when . . . [defendant] was about to get out of prison. Only then did Lisa Matthias [sic] angrily contact the Sheriff to have something done because she did not like [Jane's] father contacting her. Only then, for the very first time, did any mention of actual inappropriate touching come up.

This prosecution was patently motivated not by the desire to obtain speedy justice but to keep . . . [defendant] in prison so he could not have contact with his daughter. The charges should have been dismissed, and at a very minimum challenged on this ground.

"[F]or defendant to carry the burden on his motion to dismiss for pre[-]indictment delay violating his due process rights pursuant to the Fifth and Fourteenth Amendments, he must show both actual and substantial prejudice from the pre[-]indictment delay and that the delay was *intentional on the part of the [S]tate in order to impair defendant's ability to defend himself or to gain tactical advantage over the defendant." State v. Davis*, 46 N.C. App. 778, 782, 266 S.E.2d 20, 23 (emphasis added), 301 N.C. 97 (1980). Thus, "[i]n order to obtain a ruling that pre-indictment delay violated his due process rights, defendant must show actual prejudice in the conduct of his defense and that the delay was unreasonable, unjustified, and engaged in for the impermissible purpose of gaining a tactical advantage over the defendant." *State v. Stanford*, 169 N.C. App. 214, 216, 609 S.E.2d 468, 469 (citation and quotation marks omitted), *appeal dismissed and disc. rev. denied*, 359 N.C. 642, 617 S.E.2d 657 (2005). Pursuant to defendant's own recitation of the facts, law enforcement was not informed about the photographs until 2007 and defendant was indicted in 2007. Defendant has not identified any actions by the sheriff's office or district attorney's office which would indicate a delay between learning of the photographs and the indictment, which was a time period of less than a year. Thus, defendant's only argument for delay must logically be based on the actions of the Department of Social Services ("DSS") or Ms. Mathias, who were aware of the photographs, according to defendant, since 2001.

1. DSS

Defendant likens his case to *State v. Johnson*, where the North Carolina Supreme Court reversed a decision of the Court of Appeals and remanded the case to Superior Court for dismissal because "[a] delay of four years in securing an indictment is, nothing else appearing, an unusual and an undue delay. The four-year delay in this case was the purposeful choice of the prosecution, and it created the reasonable possibility that prejudice resulted to defendant." 275 N.C. 264, 277, 167 S.E.2d 274, 283 (1969) (citation omitted). However, in *Johnson*, defendant had been charged with a felony in a warrant four years before he was indicted. *See id.* at 272, 167 S.E.2d at 280. Thus,

in *Johnson*, it was clear that law enforcement was aware of the crime at least four years before the indictment was issued. *See id.*

N.C. Gen. Stat. § 7B-300 entitled "Protective services" notes, "The director of the department of social services in each county of the State shall establish protective services for juveniles alleged to be abused, neglected, or dependent." N.C. Gen. Stat. § 7B-300 (2007). Section 7B-300 is located within Article 3, "Screening of Abuse and Neglect Complaints" within Chapter 7B, the "Juvenile Code." N.C. Gen. Stat. § 7A-61 notes the duties of a district attorney within Article 9, "District Attorneys and Judicial Districts," of Chapter 7A entitled "Judicial Department." Thus, from the very structure and titles of the statutes it is clear that DSS is set up primarily as a protective agency for juveniles whereas district attorneys serve primarily to prosecute criminal cases. *See* N.C. Gen. Stat. §§ 7A-61, 7B-300.

In *In Re Weaver*, this Court concluded that a social worker need not warn an individual of the right against self-incrimination because a social worker "is not a law enforcement officer." 43 N.C. App. 222, 223, 258 S.E.2d 492, 493 (1979); *see also State v. Nations*, 319 N.C. 318, 326, 354 S.E.2d 510, 514 (1987) (where a social worker is determined to be "not an agent of the police"). Also, in *State v. Morrell*, this Court noted that a social worker "went beyond merely fulfilling her role" when she began working with the sheriff's department. 108 N.C. App. 465, 474, 424 S.E.2d 147, 153, *appeal dismissed, cert. denied, and disc. review denied*, 333 N.C. 465, 427 S.E.2d 626 (1993).

Although defendant is correct that DSS is required to report evidence of abuse to the district attorney, *see* N.C. Gen. Stat. § 7B-307(a) (2007), both our general statutes and case law make it clear that DSS is not a law enforcement agency nor does it prosecute criminal cases. *See* N.C. Gen. Stat. § 7B-300; *Nations* at 326, 354 S.E.2d at 514; *Morrell* at 474, 424 S.E.2d at 153; *In Re Weaver* at 223, 258 S.E.2d at 493. Therefore, any purported delay on the part of DSS cannot carry defendant's burden of showing any "intentional [act] on the part of the state in order to impair defendant's ability to defend himself or to gain tactical advantage over the defendant." *Davis* at 782, 266 S.E.2d at 23.

2. Ms. Mathias

Defendant's argument of an improper motivation for the delay relates primarily to Ms. Mathias. Defendant contends that the delay was "patently motivated not by the desire to obtain speedy justice but to keep . . . [defendant] in prison so he could not have contact with

STATE v. MARTIN

[195 N.C. App. 43 (2009)]

his daughter." Only Ms. Mathias could have had the motivation to prevent defendant from having contact with his daughter as defendant claims, particularly since, as far as DSS or the State was concerned, defendant's parental rights had already been terminated long before his release from prison. It is also clear that Ms. Mathias cannot qualify as the prosecution or State for purposes of delay, and the North Carolina Supreme Court and this Court have previously determined that there is no violation of defendant's rights when the State is unaware of the crime. *See State v. Gallagher*, 313 N.C. 132, 136, 326 S.E.2d 873, 877 (1985) ("[T]he record indicates that Samuel Lancaster, the primary witness against the defendant and the person who actually killed the deceased, made no statement to the police until October 1983. His statement provided evidence required for the indictments against him and the defendant, and she was indicted less than a month after it was received. Therefore, the defendant would have been entitled to no relief on due process grounds under this assignment of error, even had she sought such relief."); *Stanford* at 215, 609 S.E.2d at 469 ("The offenses defendant was convicted for occurred in the months of March, May, July, and September of 1987. The victim of defendant's abuse is his niece, who at the time of trial was thirty-two years old; at the time of the incidents she was thirteen and fourteen years old. Despite her telling a few family members and close friends about defendant's interactions with her previously, she did not file a report against defendant until approximately 5 September 2002, some 15 years after the incidents took place. On 14 October 2002, within just over one month of receiving the complaint from the victim, defendant was indicted for the alleged sex crimes against his niece. Defendant contends that the extensive delay between the incidents of the sex crimes and his indictment for those offenses violated his due process rights. We disagree.")

3. Conclusion

In conclusion, defendant was not denied due process by a long pre-indictment delay; accordingly, we also conclude defendant's trial counsel did not provide ineffective assistance by his failure to make a motion to dismiss based upon these grounds. *Blakeney* at 307-08, 531 S.E.2d at 814-15. This argument is overruled.

### III. Sufficiency of the Evidence

**[2]** Defendant next contends that there was insufficient evidence to submit two of the indecent liberties charges and one of the obscenity charges to the jury.

The proper standard of review on a motion to dismiss based on insufficiency of the evidence is the substantial evidence test. The substantial evidence test requires a determination that there is substantial evidence (1) of each essential element of the offense charged, and (2) that defendant is the perpetrator of the offense. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. If there is substantial evidence of each element of the charged offense, the motion should be denied.

*State v. Key,* 182 N.C. App. 624, 628-29, 643 S.E.2d 444, 448 (citations and quotation marks omitted), *disc. rev. denied,* 361 N.C. 433, 649 S.E.2d 398 (2007).

A. Indecent Liberties

N.C. Gen. Stat. § 14-202.1(a)(1) reads,

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire[.]

N.C. Gen. Stat. § 14-202.1(a)(1) (2007). The elements of indecent liberties with a child are:

(1) the defendant was at least 16 years of age; (2) he was five years older than his victim; (3) he willfully took or attempted to take an indecent liberty with the victim; (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred; and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.

*State v. Thaggard,* 168 N.C. App. 263, 282, 608 S.E.2d 774, 786-87 (2005) (citations omitted).

1. Photograph

Defendant was convicted of one count of indecent liberties based upon State's exhibit 1, a nude photograph of defendant holding Jane on his lap with his bare penis in close proximity to her bare vagina. The State presented numerous nude photographs of defendant and Jane at trial, in addition to State's exhibit 1. Based upon his acquittal of other charges, but conviction based upon State's exhibit 1, defend-

ant contends that "[h]ere the jury apparently did not believe that exposure of the child's genitals was *per se* criminal. It was only in the context of sitting on her father's lap with his penis exposed that the conviction was returned." Defendant does not contest his or Jane's ages at the time of the photograph, but rather that "he willfully took or attempted to take an indecent liberty with the victim" and that "the action by the defendant was for the purpose of arousing or gratifying sexual desire." *Thaggard* at 282, 608 S.E.2d at 786-87.

" 'Indecent liberties' are defined as such liberties as the common sense of society would regard as indecent and improper." *State v. Hammett*, 182 N.C. App. 316, 322, 642 S.E.2d 454, 458 (citation and quotation marks omitted), *appeal dismissed and disc. review denied*, 361 N.C. 572, 651 S.E.2d 227 (2007). "[I]t is not necessary that defendant touch his victim to commit an immoral, improper, or indecent liberty within the meaning of the statute. Thus, it has been held that the photographing of a naked child in a sexually suggestive pose is an activity contemplated by the statute[.]" *State v. Etheridge*, 319 N.C. 34, 49, 352 S.E.2d 673, 682 (1987) (citations omitted). Furthermore, "a variety of acts may be considered indecent and may be performed to provide sexual gratification to the actor." *See id.*

We conclude that there was "substantial evidence," *Key* at 628-29, 643 S.E.2d at 448, that defendant committed an indecent liberty with a child "for the purpose of arousing or gratifying sexual desire[,]" *Thaggard* at 282, 608 S.E.2d at 786-87, in that the photograph, State's exhibit 1, does depict defendant and the naked child in a sexually suggestive pose. *See Etheridge* at 49, 352 S.E.2d at 682; *Hammett* at 322, 642 S.E.2d at 458.

2. Shower Incident

Defendant was also convicted of indecent liberties based upon an incident when he asked Jane to touch his penis in the shower. Defendant argues the only evidence as to this crime was the testimony of Jane herself, which is insufficient. We again disagree.

This Court has previously determined that "[t]he uncorroborated testimony of the victim is sufficient to convict under N.C.G.S. § 14-202.1 if the testimony establishes all of the elements of the offense." *State v. Quarg*, 334 N.C. 92, 100, 431 S.E.2d 1, 5 (1993) (citation omitted). Jane testified in pertinent part,

Q. I'm going to ask you some questions about when you were growing up in the home of Glenn and Linda Martin. I believe that

you have been interviewed by Ms. Tammy Odom. Do you remember that?

A. Mm-hmm.

Q. Do you remember telling her about something that happened between you and your father Glenn Martin when you were growing up?

A. Yes.

Q. Can you tell us and tell the jury what it was that happened that you told Tammy about?

A. Mm-hmm.

Q. Okay. Go ahead and tell me what happened.

A. Well, my mother was in the kitchen cooking dinner; my father and I were taking a shower, and while we were in the shower he told me that I should touch his penis.

Q. And what happened after that?

A. I—well, I did what he told me, because he was my father.

Q. Okay. And did you touch it and move your hand away? Did you touch it and leave your hand there? Can you describe the touch a little bit for me?

A. I just put my hand on and moved it.

Q. Moved it? Okay. Did he show you how to do that?

A. He grabbed my hand, yes.

Q. He grabbed your hand?

A. Mm-hmm.

Q. Was he moving his hand with your hand?

A. Mm-hmm.

Q. Okay. Can you tell us about how old you were at this time?

A. About 6 or 7.

As Jane's testimony "establishes all of the elements of the offense[,]" *Quarg* at 100, 431 S.E.2d at 5, *see Thaggard* at 282, 608 S.E.2d at 786-87, we conclude there was substantial evidence of this charge of indecent liberties. *Key* at 628-29, 643 S.E.2d at 448.

B. Obscenity

Defendant was also convicted of using a minor in obscenity pursuant to N.C. Gen. Stat. § 14-190.6 based upon the same photograph upon which he was convicted of indecent liberties.

> Every person 18 years of age or older who intentionally, in any manner, hires, employs, uses or permits any minor under the age of 16 years to do or assist in doing any act or thing constituting an offense under this Article and involving any material, act or thing he knows or reasonably should know to be obscene within the meaning of G.S. 14-190.1, shall be guilty of a Class I felony.

N.C. Gen. Stat. § 14-190.6 (2007).

N.C. Gen. Stat. § 14-190.1 reads in pertinent part,

> (b) For purposes of this Article any material is obscene if:
>
> (1) The material depicts or describes in a patently offensive way sexual conduct specifically defined by subsection (c) of this section; and
>
> (2) The average person applying contemporary community standards relating to the depiction or description of sexual matters would find that the material taken as a whole appeals to the prurient interest in sex; and
>
> (3) The material lacks serious literary, artistic, political, or scientific value; and
>
> (4) The material as used is not protected or privileged under the Constitution of the United States or the Constitution of North Carolina.
>
> (c) As used in this Article, "sexual conduct" means:
>
> (2) Masturbation, excretory functions, or lewd exhibition of uncovered genitals[.]

N.C. Gen. Stat. § 14-190.1(b), (c)(2) (2007). Based on State's exhibit 1, we again conclude there was sufficient evidence to deny defendant's motion to dismiss. *See id.*; *Key* at 628-29, 643 S.E.2d at 448.

C. Conclusion

We conclude there was sufficient evidence to deny the defendant's motion to dismiss as to all three of the contested charges. This argument is overruled.

### III. Double Jeopardy

[3] Defendant lastly contends that because one of the convictions for indecent liberties with a child and one of the convictions for using a minor in obscenity were based upon the same photograph he has been placed in double jeopardy. Here again defendant failed to object and thus properly preserve this argument for appeal. *See* N.C.R. App. P. 10(b)(1); *Wiley* at 615, 565 S.E.2d at 39. However, once again defendant has also argued ineffective assistance of counsel which requires us to consider his argument's merits. *See Blakeney* at 307-08, 531 S.E.2d at 814-15.

> Both the fifth amendment to the United States Constitution and article I, section 19 of the North Carolina Constitution prohibit multiple punishments for the same offense absent clear legislative intent to the contrary.

> Where, as here, a single criminal transaction constitutes a violation of more than one criminal statute, the test to determine if the elements of the offenses are the same is whether each statute requires proof of a fact which the others do not. By definition, all the essential elements of a lesser included offense are also elements of the greater offense. Invariably then, a lesser included offense requires no proof beyond that required for the greater offense, and the two crimes are considered identical for double jeopardy purposes. If neither crime constitutes a lesser included offense of the other, the convictions will fail to support a plea of double jeopardy.

*Etheridge* at 50, 352 S.E.2d at 683 (citations omitted). Furthermore, "double jeopardy is not violated merely because the same evidence is relevant to show both crimes." *State v. Cumber*, 32 N.C. App. 329, 337, 232 S.E.2d 291, 297 (citations omitted), *disc. review denied*, 292 N.C. 642, 235 S.E.2d 63 (1977).

> Once again, the elements of indecent liberties with a child are:

> (1) the defendant was at least 16 years of age; (2) he was five years older than his victim; (3) he willfully took or attempted to take an indecent liberty with the victim; (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred; and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.

*Thaggard* at 282, 608 S.E.2d at 786-87.

PERSIS NOVA CONSTR., INC. v. EDWARDS

[195 N.C. App. 55 (2009)]

The required showing for using a minor in obscenity is

[(1) someone who is] 18 years of age or older, [(2)] who intentionally, in any manner, hires, employs, uses or permits [(3)] any minor under the age of 16 years [(4)] to do or assist in doing any act or thing constituting an offense under this Article and [(5)] involving any material, act or thing he knows or reasonably should know to be obscene within the meaning of G.S. 14-190.1[.]

N.C. Gen. Stat. § 14-190.6; *see also* N.C. Gen. Stat. § 14-190.1.

Except for the involvement of a minor, none of the elements for indecent liberties with a child and using a minor in obscenity are the same; *see* N.C. Gen. Stat. § 14-190.6; *Thaggard* at 282, 608 S.E.2d at 786-87, therefore defendant's right to be free from double jeopardy has not been violated. *See Etheridge* at 50, 352 S.E.2d at 683. Thus, once again defendant did not receive ineffective assistance of counsel for failure to raise this losing argument. *See Blakeney* at 307-08, 531 S.E.2d at 814-15. This argument is overruled.

## IV. Conclusion

We conclude that defendant received effective counsel as to the issues presented before us and that the trial court did not err in denying defendant's motion to dismiss.

NO ERROR.

Judges CALABRIA and STEELMAN concur.